■ In the Matter of SETA BOYADJIAN, Petitioner, v BOARD OF APPEALS OF THE VILLAGE OF EAST HILLS, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of East Hills, dated June 9, 1986, which, after a hearing, denied the petitioner's application for an area variance to erect a six-foot-high fence upon portions of her property.

Adjudged that the petition is granted to the extent that the determination is annulled, with costs, and the matter is remitted to the respondent for reconsideration and the making of findings of fact in accordance herewith, in proper form, with leave to the parties to present such other and further proof as they may be advised.

We note that since this proceeding is to review a determination of a village zoning board of appeals, it should not have been transferred to this court by the Supreme Court, which should have determined all the issues in the first instance *(see,* Village Law § 7-712 [3]). However, in the interests of judicial economy, we will decide the proceeding on the merits.

The petitioner applied to the respondent for a variance to permit her to maintain the six-foot-high fence she had placed on portions of her property. The respondent denied the application on the ground that the petitioner did not make the showing of "hardship" which is required in order to obtain a

use variance, and that permitting the fence to remain would cause the value of property adjoining that of the petitioner to depreciate and alter the essential character of the neighborhood. As the respondent utilized an incorrect standard in reaching its determination, and as there was insufficient evidence on the record to support that determination, we remit this matter to the respondent.

An area variance does not involve a use which is prohibited by the zoning ordinance while a use variance involves the permitting of a use which is prohibited by the zoning ordinance *(see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 606-607; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 137, n, *affd* 67 NY2d 702). Since fences are permitted in the district in which the petitioner's property is located with only their height being regulated *(see,* Village Code of Village of East Hills § 214-14), the variance requested by the petitioner was an area variance, not a use variance. However, the respondent treated the variance as a use variance and applied the higher standard of "hardship" rather than the appropriate standard of "practical difficulties" in analyzing the petitioner's showing *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 445; *Matter of Consolidated Edison Co. v Hoffman, supra,* at 606) and therefore its determination may not stand *(see, Matter of Cowan v Kern,* 41 NY2d 591, 598).

Further, the findings of fact recorded by the respondent were not supported by evidence on the record. If the respondent was utilizing the knowledge of its members of conditions in the neighborhood in question, it did so improperly, as it failed to place such knowledge on the record *(see, Matter of Syracuse Aggregate Corp. v Weise,* 51 NY2d 278, 283-284; *Matter of Community Synagogue v Bates,* 1 NY2d 445, 454; *Matter of Weidenhamer v Bundschuh,* 37 AD2d 720).

We have considered the other issues raised by the petitioner and find them to be without merit. Brown, J. P., Lawrence, Kooper and Sullivan, JJ., concur.