■ In the Matter of DAVID BARRECA et al., Appellants, v MARIO DESANTIS, as Mayor of the Village of Solvay, et al., Respondents. (Appeal No. 1.) [641 NYS2d 953] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to respondent Zoning Board of Appeals of Village of Solvay for further proceedings in accordance with the following Memorandum: In 1990 respondents James and Maria Christou built a retaining wall along the rear (west wall) and side (south wall) of their property located in the Village of Solvay (Village). The west wall exceeded the height limitation of six feet imposed by the Village Zoning Ordinance (Zoning Ordinance). Petitioners are neighbors of the Christous. One of the petitioners filed a complaint with the Village Code Enforcement Officer (CEO), who cited the Christous for violating the Zoning Ordinance with respect to the west wall. They were thereafter fined for failing to remedy that violation. After their application for a variance was denied, the Christous reconstructed the west wall and the CEO then found it to be in compliance with the Zoning Ordinance. Petitioners appealed that decision to the Zoning Board of Appeals (ZBA) pursuant to Village Law § 7-712-a, including in their appeal a request that the CEO determine whether the Christous's south wall was in compliance with the Zoning Ordinance. After a hearing, the ZBA determined that "the appeal * * * was not allowed and the application was denied." The ZBA did not itself determine whether the west wall was in compliance, but found only that the CEO "rendered a decision that the [west] wall of the [Christous's] property * * * was now in compliance with the Village of Solvay Zoning Ordinance."

Thereafter, petitioners commenced this CPLR article 78 proceeding challenging, *inter alia*, the ZBA's decision and seeking to require the ZBA to make a finding that the Christous's south wall also violated the Zoning Ordinance. Without serving an answer, the Christous cross-moved to dismiss the petition, raising objections in point of law that the petition failed to state a cause of action and was barred by the Statute of Limitations, and that petitioners had failed to exhaust their administrative remedies with respect to the south wall. The ZBA, CEO, and Trustees and Mayor of the Village (municipal respondents), also without serving an answer, submitted affidavits from the Chairman of the ZBA and the attorney for the municipal respondents seeking dismissal of the petition on the same grounds raised by the Christous. No certified

transcript of the hearing was submitted by the municipal respondents.

Supreme Court dismissed the petition, holding, *inter alia*, that the evidence presented by petitioners at the ZBA hearing related solely to the south wall, with respect to which they had failed to exhaust their administrative remedies.

We reject petitioners' contention that the court erred in failing to transfer the proceeding to this Court pursuant to CPLR 7804 (g). Because this proceeding was commenced to appeal a Village Zoning Board determination, it remains with Supreme Court, even where there is an issue of substantial evidence (*see,* Village Law § 7-712-c; *Matter of Boyadjian v Board of Appeals,* 136 AD2d 548; Siegel, NY Prac § 568, n 3 [2d ed]).

We further reject the contention of petitioners that, because there are issues of fact, the court erred in making a determination without the benefit of a transcript of the ZBA hearing. Had petitioners raised triable issues of fact, it would have been improper for the court to "dismiss[ ] the petition on the merits on the basis of * * * issues of fact contained in the hearing minutes which were not in the record before [it]" (*Matter of Amato v Barry,* 30 AD2d 699, 700). However, "[a] CPLR article 78 proceeding is a special proceeding (CPLR 7804, subd [a]) and as such may be summarily determined 'upon the pleadings, papers, and admissions to the extent that no triable issues of fact are raised' (CPLR 409, subd [b])" (*Matter of Battaglia v Schuler,* 60 AD2d 759). Here, the submissions of petitioners are insufficient to controvert the statements in the affidavits of the municipal respondents that petitioners' evidence at the hearing concerned only the south wall rather than the west wall, which was the subject of the appeal. Because petitioners failed to raise triable issues of fact, the court properly made a summary determination, even in the absence of a transcript of the hearing (*see, Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893).

The court properly dismissed that part of the petition concerning the south wall. The court, however, was premature in dismissing the petition in its entirety. The ZBA's decision denying petitioners' appeal did not include a finding of the height of the west wall, nor did the ZBA make its own determination whether the west wall is in compliance with the Zoning Ordinance. Instead, the ZBA merely referred to the conclusion of the CEO. In the absence of such a finding, we cannot determine whether there is a rational basis for the ZBA's decision. Nor are we able to ascertain from the record the height of the west wall (*cf., Matter of Fischer v Markowitz,* 166 AD2d 444, 445).

We therefore modify the judgment by reinstating that part of the petition concerning the west wall and remit the matter to the ZBA to determine whether the west wall complies with the Zoning Ordinance (*see, Matter of Maloy, Inc. v Zoning Bd. of Appeals,* 168 AD2d 874; 2 Anderson, NY Zoning Law and Prac § 26.20 [3d ed]).

We have examined the remaining contentions of petitioners and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—CPLR art 78.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.