■ In the Matter of COUNTRY GLEN ASSOCIATES, Petitioner, v MAY W. NEWBURGER et al., Respondents. [759 NYS2d 385] —Proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of North Hempstead dated February 15, 2000, which, after a hearing, denied the petitioner's application for site plan approval.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Initially, we note that the Supreme Court should have disposed of the proceeding on the merits instead of transferring it to this Court (*see* Town Law § 274-a [11]; *Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba,* 238 AD2d 93, 96 [1998]). However, this Court will decide the proceeding on the merits in the interest of judicial economy (*see Matter of Carlucci v Board of Zoning Appeals of Town of Philipstown,* 205 AD2d 688 [1994]).

The decision of the Town Board of the Town of North Hempstead (hereinafter the Board) to deny site plan approval to the petitioner was rational (*see Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba, supra*). The Board reviewed the petitioner's site plan, considering the adequacy and arrangement of vehicular traffic and circulation as authorized by the Town Code of Town of North Hempstead § 70-219.C (2) and Town Law § 274-a (2). The Board rejected the petitioner's site plan because the internal traffic circulation problems already existing would be exacerbated, and the petitioner offered no plans for mitigation. Therefore, the determination had a rational basis (*see Matter of Pittsford Plaza Assoc. v Spiegel,* 66 NY2d 717, 719 [1985]). Prudenti, P.J., Ritter, Feuerstein and Crane, JJ., concur.