■ In the Matter of CIRILO RODRIGUES, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF SLEEPY HOLLOW et al., Respondents. [801 NYS2d 413]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Sleepy Hollow dated January 21, 2004, denying the petitioner's application for area variances, the appeal is from a judgment of the Supreme Court, Westchester County (Barone, J.), entered April 7, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion in considering applications for variances and a "determination of a zoning board should be sustained on judicial review if it has a rational basis and is supported by substantial evidence" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]).

Here, the denial of the petitioner's application for certain area variances to construct a large addition to an existing two-family dwelling on his property had a rational basis (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra* at 614). Not only were the requested variances substantial, but the hardship was self-created (*see Matter of Ifrah v Utschig, supra* at 309; *Chera v Bennett*, 166 AD2d 630, 631 [1990]). In assessing the self-created hardship present in this case, the Zoning Board of Appeals of the Village of Sleepy Hollow (hereinafter the Board) was entitled to consider the effect its decision would have as a precedent. The record reflects that the Board appropriately considered all the factors enumerated in Village Law § 7-712-b (3) and concluded that the detriment to the neighborhood outweighed the benefit to the petitioner. The petitioner failed to show that the Board's determination was irrational or arbitrary and capricious, or not supported by substantial evidence. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Adams, J.P., Crane, Goldstein and Skelos, JJ., concur.