■ In the Matter of MILT-NIK LAND CORPORATION, Petitioner, v CITY OF YONKERS et al., Respondents. [806 NYS2d 217]—

Proceeding pursuant to CPLR article 78 to review stated portions of a determination of the Zoning Board of Appeals of the

City of Yonkers dated July 30, 2003, as amended September 5, 2003, and December 9, 2003, which, after a hearing, imposed conditions upon the granting of the petitioner's application for an area variance.

Ordered that the branches of the petition which are to annul so much of the determination as imposed special condition 4 insofar as it required the installation of curbs on both sides of Delaware Road, and special conditions 7, 17, and 19, are dismissed as academic, without costs or disbursements; and it is further,

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of annulling special conditions 4 and 5a insofar as they prohibit the 12-foot curb cut depicted in the petitioner's proposed site plan, to be used solely for the egress of trucks from the petitioner's property onto Delaware Road, and annulling special condition 12, the petition insofar as it seeks review of special conditions 6 and 15 is denied, the determination with respect to special conditions 6 and 15 is confirmed, and the proceeding with respect to special conditions 6 and 15 is dismissed, without costs or disbursements.

The petitioner owns a parcel of land at the intersection of Delaware Road and Saw Mill River Road in Yonkers on which it operates a restaurant. The petitioner, seeking to build an addition to its restaurant, to be used as a pizzeria, was denied a building permit because its proposal did not provide for sufficient off-street parking spaces, as required by the Code of the City of Yonkers (hereinafter the City Code) (*see* Code of City of Yonkers § 43-131 and Table 43-4). The petitioner applied to the respondent Zoning Board of Appeals of the City of Yonkers (hereinafter the ZBA), inter alia, for a variance from the requirements of those provisions. The ZBA granted the application, but its determination, as amended, imposed 24 special conditions. In this proceeding, the petitioner challenges eight of the special conditions imposed by the ZBA.

Initially, we note that the Supreme Court erroneously transferred the proceeding to this Court pursuant to CPLR 7804 (g). Since the hearing conducted with respect to the petitioner's application for an area variance was not a quasi-judicial proceeding involving the cross-examination of witnesses and the making of a record within the meaning of CPLR 7803 (4), the standard of review to be applied in this proceeding is not whether there was substantial evidence in support of the determination, but whether the determination was "arbitrary and capricious" (CPLR 7803 [3]; *see Matter of Sasso v Osgood,* 86 NY2d 374, 384 n 2 [1995]; *Matter of Wal-Mart Stores v Plan-*

*ning Bd. of Town of N. Elba,* 238 AD2d 93, 96 [1998]; *Seaview Assn. of Fire Is. v Department of Envtl. Conservation of State of N.Y.,* 123 AD2d 619 [1986]). Moreover, because this is a proceeding to review a determination of a zoning board of appeals, the Supreme Court should have determined all questions presented (*see* General City Law § 81-c [4]; *Matter of Country Glen Assoc. v Newburger,* 305 AD2d 594 [2003]; *Matter of Barreca v DeSantis,* 226 AD2d 1085 [1996]; *Matter of Carlucci v Board of Zoning Appeals of Town of Philipstown,* 205 AD2d 688 [1994]; *Matter of Boyadjian v Board of Appeals of Vil. of E. Hills,* 136 AD2d 548 [1988]). Nevertheless, in the interest of judicial economy, this Court will decide the case on the merits (*see Matter of Country Glen Assoc. v Newburger, supra; Seaview Assn. of Fire Is. v Department of Envtl. Conservation of State of N.Y., supra*).

The petitioner's site plan contemplated that delivery trucks would enter the property from Saw Mill River Road, bypass the restaurant's parking area, proceed to the rear of the building to be unloaded, and then continue forward, exiting the property through a curb cut in Delaware Road behind the restaurant. This plan represented an effort to improve upon earlier proposals for the development of the petitioner's property, which had been criticized by the ZBA and other city officials, inter alia, for lacking a satisfactory traffic circulation pattern. After issuing its initial determination in this matter, however, the ZBA reconvened and added special condition 5a, which prohibited any vehicular or pedestrian entrance or egress between the subject property and Delaware Road. In addition, the ZBA subsequently amended special condition 4 to provide that no curb cut in Delaware Road would be permitted.

The only explanation for these conditions articulated by the ZBA was its adoption of the remarks made by the petitioner's own counsel in the course of an earlier variance application. At that time, counsel noted the lack of any curb or other barrier between the subject property and Delaware Road, which created a dangerous and unsightly condition, and explained that the petitioner intended to install a curb and plantings to seal off access to Delaware Road. Indeed, in presenting its current proposal, the petitioner remained willing to create such a barrier. Counsel, however, was clearly referring to the border between Delaware Road and the restaurant's parking lot, which extended from the front of the restaurant to the intersection with Saw Mill River Road, since that was the area where drivers were entering and exiting in a haphazard and dangerous manner, and not to the area behind the restaurant, where the site plans for

both the current project and the previous project depicted a curb cut. The respondents offer no rationale for prohibiting vehicular egress onto Delaware Road from the rear of the restaurant, and no factual support for that determination appears in the record. The imposition of special conditions 4 and 5a, insofar as they prohibit the 12-foot curb cut depicted in the petitioner's proposed site plan, to be used solely for the egress of trucks from the petitioner's property onto Delaware Road, was therefore arbitrary and capricious (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 231 [1974]; *Matter of Triangle Inn v Lo Grande,* 124 AD2d 737, 738 [1986]; *Matter of Pluto's Retreat v Granito,* 80 AD2d 899, 900 [1981]).

The original version of special condition 12 limited the cumulative number of seats permitted in the existing restaurant and the proposed pizzeria, which was more restrictive than the applicable City Code provision (*see* Code of City of Yonkers § 43-8). The ZBA amended the condition, purportedly to reflect the seating limitations set forth in the City Code. However, the amended condition is vague, and may be read as unduly limiting the number of seats permitted in the existing restaurant. To the extent that the amended condition merely recites the requirements of the City Code, it is unnecessary. To the extent that the amended condition imposes requirements more restrictive than those set forth in the City Code, it is unlawful (*see Matter of Schlosser v Michaelis,* 18 AD2d 940, 941 [1963]). Accordingly, so much of the ZBA's determination as imposed special condition 12 must be annulled.

However, so much of the determination as imposed special condition 15, which limits the pizzeria's hours of operation, must be confirmed. The condition is proper because it relates directly to the use of the property and is intended to protect the neighboring residential properties from the possible adverse effects of the petitioner's operation, such as the anticipated increase in traffic congestion, parking problems, and noise (*see Matter of Plandome Donuts v Mammima,* 262 AD2d 491 [1999]; *Matter of Shorelands, Inc. v Matthew,* 230 AD2d 862 [1996]).

Special condition 6 requires the petitioner to relocate a handicapped-access ramp from the side of the restaurant facing Delaware Road to the opposite side of the building. Contrary to the petitioner's contention, the personal observations of ZBA members were sufficient to establish the fact that the existing ramp is situated immediately against the property line, and that the improvements along that property line required by another

condition, to which the petitioner did not object, could not be made without relocating the ramp. Thus, special condition 6 has a rational basis and is not arbitrary, and therefore must be upheld (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Sasso v Osgood, supra*).

Although special condition 19 imposed a requirement of 18 parking spaces for the restaurant and proposed pizzeria—a requirement with which the petitioner disagrees—the condition was ultimately amended to provide that the ZBA "will grant any additional parking variances to the applicant, as needed, in order to meet the required eighteen (18) parking spaces." Thus, the ZBA, in effect, granted the alternative relief sought by the petitioner, i.e., a variance from the off-street parking requirements imposed by the City Code. The petitioner's challenge to so much of the determination as imposed special condition 19 therefore has been rendered academic.

That portion of special condition 4 which required the petitioner to install curbs on both sides of Delaware Road was amended by the ZBA to require only that the petitioner install a curb on its own side of Delaware Road, a requirement to which the petitioner has no objection. Similarly, the ZBA clarified special condition 17 so as to eliminate the aspect of the condition to which the petitioner objected. Special condition 7 was deleted altogether. Accordingly, the petitioner's challenges to so much of the determination as imposed these conditions also have been rendered academic. H. Miller, J.P., Cozier, Ritter and Dillon, JJ., concur.