■ In the Matter of RICHARD PICARELLI, Appellant, v TERRY J. KARL et al., Respondents. [858 NYS2d 389]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven, dated May 8, 2007, which denied the petitioner's application for area variances in connection with an application for a subdivision of its property into two lots, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Burke, J.), dated November 9, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In reaching its determination denying the petitioner's application, the respondents engaged in the balancing test prescribed by Town Law § 267-b (3) (b), and properly found that (1) the requested variances for lot size, rear yards, and front yards were substantial, (2) the granting of the requested variances would set adverse precedents for similar-sized lots in the area (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608 [2004]; *Matter of Rodrigues v Zoning Bd. of Appeals of Vil. of Sleepy Hollow*, 21 AD3d 1108 [2005]), (3) granting the proposed variances would increase the density of the area in derogation of the clear intent of the zoning code to ensure remaining lots in the area capable of development conform to zoning requirements, (4) there was evidence of recent flooding of the surrounding area attributable to new development, (5) the petitioner had other options such as building one house on the property in conformance with the proposed variances, and (6) the hardship was self-created (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 309 [2002]; *Matter of Rivero v Voelker*, 38 AD3d 784 [2007]). There is no evidence that the applicable zoning regulations were confiscatory (*see Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington*, 87 NY2d 344 [1996]).

Since the determination under review was not illegal, arbitrary, or an abuse of discretion, and was supported by a rational basis (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]), it must be sustained. Skelos, J.P., Ritter, Florio and Dickerson, JJ., concur.