■ In the Matter of MARTHA FOWLKES, Appellant, v BOARD OF ZONING APPEALS OF THE TOWN OF NORTH HEMPSTEAD, Respondent. [860 NYS2d 202]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of North Hempstead dated January 25, 2006, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Alpert, J.), entered January 2, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner owns a residence in the Town of North Hempstead which, pursuant to a certificate of occupancy, is certified to be used as a one-family residence. However, since its purchase in 1967, the premises have been used as a two-family residence. The petitioner's application for a building permit to maintain the existing structure as a two-family residence was denied because the premises did not meet the minimum requirements of the Town Code of the Town of North Hempstead applicable to two-family dwellings. The petitioner then sought area variances from the Board of Zoning Appeals of the Town of North Hempstead (hereinafter the Board). Following a public hearing, the Board issued a written decision denying the petitioner's application.

In determining whether to grant an application for an area variance, a zoning board must weigh the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community by considering the following factors: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created" (Town Law § 267-b [3] [b]; *see Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 928-929 [2007]). If the zoning board's determination has a rational basis and is supported by evidence in the record, the determination should be sustained on judicial review (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]).

Here, the Board's determination addressed the five statutory factors set forth in Town Law § 267-b (3) (b). While the Board

made conclusory findings in determining that the variances would adversely impact the character of the neighborhood, it appropriately considered the other statutory factors and concluded that the detriment to the neighborhood outweighed the benefit to the petitioner (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d at 615; *Matter of Rodrigues v Zoning Bd. of Appeals of Vil. of Sleepy Hollow,* 21 AD3d 1108, 1109 [2005]). Contrary to the petitioner's contention, the variances could not be limited to the term of her ownership of the premises because any condition imposed when granting a variance must be directly related to the property involved and to the underlying purpose of the zoning code, without consideration of the particular person owning or occupying it (*see Matter of St. Onge v Donovan,* 71 NY2d 507, 511 [1988]; *Matter of Zupa v Zoning Bd. of Appeals of Town of Southold,* 31 AD3d 570, 571 [2006]). Accordingly, the determination has a rational basis and is supported by evidence in the record (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d at 613). Miller, J.P., Dillon, Balkin and Chambers, JJ., concur.