In the Matter of FNR HOME CONSTRUCTION CORP., Petitioner, v CHRISTOPHER DOWNS et al., Respondents. [868 NYS2d 310]—

Since 2004 the petitioner has owned a vacant parcel of real property located in the Village of Floral Park. In 2007 the petitioner applied to the Village of Floral Park Board of Appeals (hereinafter the Board) for a parking variance in order to develop the property for retail purposes. Because the parcel is located within the Village's B2 business district, the proposed development required eight on-site parking spaces, whereas the petitioner's plan proposed no on-site parking.

After the Board conducted a public hearing, it denied the variance application. The petitioner commenced the instant CPLR article 78 proceeding to annul the determination and obtain the requested variance. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Initially, we note that the Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g) since the determination to be reviewed was not made after a hearing held pursuant to direction of law at which evidence was taken (*see* CPLR 7803 [4]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2 [1995]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 769 [2005]; *Matter of Milt-Nik Land Corp. v City of Yonkers*, 24 AD3d 446, 447 [2005]; *see also* Village Law § 7-712-c [4]). Nevertheless, in the interest of judicial economy, we will decide the case on the merits (*see Matter of Silvera v Town of Amenia Zoning Bd. of Appeals*, 33 AD3d 706, 707-708 [2006]; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 772-773; *Matter of Country Glen Assoc. v Newburger*, 305 AD2d 594, 595 [2003]). Upon our review, we deny the petition and dismiss the proceeding.

"Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Josato, Inc. v Wright*, 35 AD3d 470, 471 [2006]). A determination of a zoning board should be sustained on judicial review if

it has a rational basis and is supported by the evidence in the record (*see Matter of Ifrah v Utschig,* 98 NY2d at 308; *Matter of Fuhst v Foley,* 45 NY2d 441, 444 [1978]; *Matter of Josato, Inc. v Wright,* 35 AD3d 470, 471 [2006]).

Before deference is accorded to the determination of a zoning board in a matter such as the one before us, it must appear that the zoning board engaged in a balancing test "weighing the petitioner's interest against the interest of the neighborhood" based on consideration of the factors delineated in Village Law § 7-712-b (3) (*Matter of Ifrah v Utschig,* 98 NY2d at 304; *see Matter of Gallo v Rosell,* 52 AD3d 514, 516 [2008]). Those factors are: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefits sought by the applicant can be achieved by some other method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created" (*Matter of Sasso v Osgood,* 86 NY2d at 382 [internal quotation marks omitted]; *see Matter of Picarelli v Karl,* 51 AD3d 1028, 1029 [2008]; *Matter of Efraim v Trotta,* 17 AD3d 463 [2005]). "The need to alleviate traffic congestion by requiring adequate parking facilities" is a legitimate consideration for a zoning board of appeals (*Matter of Il Classico Rest. v Colin,* 254 AD2d 418, 420 [1998]; *see Matter of Rivero v Voelker,* 38 AD3d 784, 785 [2007]).

Here, the Board weighed the relevant statutory factors and its determination was rational, and not arbitrary or capricious. The Board's conclusion that the petitioner's proposal would exacerbate already existing traffic and parking problems on Jericho Turnpike and surrounding streets resulted from a legitimate consideration and had a rational basis (*see Matter of Rivero v Voelker,* 38 AD3d at 785; *Matter of Il Classico Rest. v Colin,* 254 AD2d at 420; *Matter of Moundroukas v Nadel,* 223 AD2d 645 [1996]). The fact that the proposal offered no on-site or other parking required a substantial variance from the zoning regulations. Furthermore, the petitioner is presumed to have had knowledge of applicable zoning restrictions in effect when it purchased the property, and, as such, any hardship was self-created (*see Matter of Gallo v Rosell,* 52 AD3d at 516; *Matter of Strohli v Zoning Bd. of Appeals of Vil. of Montebello,* 271 AD2d 612 [2000]; *Matter of Levine v Korman,* 185 AD2d 323 [1992]). Accordingly, the petition should be denied and the

proceeding dismissed. Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.