In the Matter of CHARLES J. YEZEK, JR., Petitioner, v STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES APPEALS BOARD et al., Respondents. [879 NYS2d 571]—

Proceeding pursuant to CPLR article 78 to review a determination of the State of New York Department of Motor Vehicles Appeals Board dated June 20, 2007, which confirmed the finding of an Administrative Law Judge dated June 22, 2006, that the petitioner violated Vehicle and Traffic Law § 1180 (b), upon the petitioner's plea of guilty, imposed a penalty, and denied his application to vacate his plea of guilty, or in the alternative, to issue him a restricted-use license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

On June 22, 2006, the petitioner appeared before an Administrative Law Judge and pleaded guilty to speeding in violation of Vehicle and Traffic Law § 1180 (b). The petitioner thereafter requested that he be permitted to withdraw his plea on the ground that he had not been advised that his driver's license could be revoked as a result of the plea or, in the alternative, that he be issued a restricted-use license. The petitioner commenced this proceeding after his request was denied.

The Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g) since the determination to be reviewed was not made after a hearing held pursuant to direction of law at which evidence was taken (*see* CPLR 7803 [4]; *Matter of Sasso v Osgood,* 86 NY2d 374, 384 n 2 [1995]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 769 [2005]; *Matter of Milt-Nik Land Corp. v City of Yonkers,* 24 AD3d 446, 447 [2005]). Nevertheless, in the interest of judicial economy, we will decide the case on the merits (*see Matter of Silvera v Town of Amenia Zoning Bd. of Appeals,* 33 AD3d 706, 707-708 [2006]; *Matter of Halperin v City of New Rochelle,* 24 AD3d at 772-773; *Matter of Milt-Nik Land Corp. v City of Yonkers,* 24 AD3d at 447; *Matter of Country Glen Assoc. v Newburger,* 305 AD2d 594, 595 [2003]).

Contrary to the petitioner's contention, he was advised at the time of his plea that he would be notified of a six-month revocation of his license. Since the record indicates that the petitioner's plea was otherwise made knowingly, voluntarily, and intelligently (*see People v Hill,* 9 NY3d 189 [2007], *cert denied* 553 US —, 128 S Ct 2430 [2008]; *People v Lopez,* 71 NY2d 662 [1988]), the denial of the petitioner's request to withdraw his plea was not arbitrary and capricious or an abuse of discretion. Similarly, in light of the petitioner's driving record, the State of

New York Department of Motor Vehicles Appeals Board acted properly and within its discretion in denying the petitioner's request for a restricted use license (*see* Vehicle and Traffic Law § 530; 15 NYCRR 135.7). The determination, therefore, must be confirmed (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 231 [1974]). Spolzino, J.P., Fisher, Miller and Balkin, JJ., concur.