In the Matter of CELESTINE HOLCOMB, Petitioner/Plaintiff v JEFFREY S. WILLIAMS, Commissioner, Mount Vernon Department of Planning and Community Development, et al., Respondents/Defendants. [897 NYS2d 913]—

Hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent/defendant Jeffrey S. Williams, Commissioner, Mount Vernon Department of Planning and Community Development, dated July 28, 2008, which, after a hearing, confirmed the termination of the petitioner/plaintiff's participation in the Continuum of Care Shallow Rent Program, and, in effect, to reinstate the petitioner/plaintiff's participation in the same program retroactive to April 1, 2008, and action, inter alia, for a judgment declaring that the petitioner/plaintiff's due process rights were violated.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, the petitioner/plaintiff's participation in the Continuum of Care Shallow Rent Program or its equivalent thereof if the program no longer exists is reinstated retroactive to April 1, 2008, and the cause of action for a judgment declaring that the petitioner/plaintiff's due process rights were violated and the cause of action alleging breach of contract are dismissed as unnecessary.

The "substantial evidence" standard applies in a CPLR article 78 proceeding only when the determination under review was "made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" (CPLR 7803 [4]; *see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 769-770 [2005]). Unlike, for example, 24 CFR 966.50 *et seq.*, and 24 CFR 982.555, the plain language of 24 CFR 583.300 (i) and 42 USC § 11386 (j), which is applicable in this case, does not compel a hearing. Since this determination was not made after a quasi-judicial evidentiary hearing, it was improperly transferred to this Court on the issue of substantial evidence (*see Matter of Yezek v State of N.Y. Dept. of Motor Vehs. Appeals Bd.*, 62 AD3d 1017, 1018 [2009]; *Matter of FNR Home Constr. Corp. v Downs*, 57 AD3d 540, 541 [2008]; *Matter of Meirowitz v Board of Assessors*, 53 AD3d 549, 550 [2008]; *Seaview Assn. of Fire Is. v*

*Department of Envtl. Conservation of State of N.Y.*, 123 AD2d 619 [1986]; *cf. Matter of Gist v Mulligan*, 65 AD3d 1231 [2009]). Rather, the Supreme Court should have passed on "whether [the] determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Matter of Johnson v State of New York*, 26 AD3d 379, 380 [2006]).

Nonetheless, we will decide the case in the interest of judicial economy (*see Matter of Meirowitz v Board of Assessors*, 53 AD3d at 550). We note that the respondent/defendant Jeffrey S. Williams, Commissioner, Mount Vernon Department of Planning and Community Development (hereinafter the respondent/defendant), did not serve an answer to the petition/complaint, as required by CPLR 7804 (d), nor did he file a certified transcript of the record of the subject proceedings, as required by CPLR 7804 (e). For those reasons, coupled with the petitioner/plaintiff's affidavit, submitted in support of her petition/complaint, which demonstrates that the procedure followed by the respondent/defendant in terminating her participation in the Continum of Care Shallow Rent Program did not comport with the requirements of the regulations governing that program, judgment in favor of the petitioner/plaintiff is warranted (*see* CPLR 7804 [e]; *cf. Matter of Crudo v Fogg*, 69 AD2d 902 [1979]).

In light of our determination of the petition, the remaining causes of action in the petition/complaint have been rendered academic. Covello, J.P., Miller, Chambers and Lott, JJ., concur.