*860 Proceeding pursuant to CPLR article 78, as limited by the petitioner’s brief, to review a determination of the New York State Department of Motor Vehicles Appeals Board dated January 31, 2012, confirming a decision of the New York State Department of Motor Vehicles Office of Vehicle Safety and Clean Air dated November 9, 2011, denying the petitioner’s second application for a license to operate a public inspection station.
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner commenced the instant proceeding in the Supreme Court against the Commissioner of the Department of Motor Vehicles of the State of New York (hereinafter the DMV) pursuant to CPLR article 78 to review two determinations of the DMV Appeals Board, dated August 30, 2011, and January 31, 2012, which respectively affirmed two decisions of the DMV Office of Vehicle Safety and Clean Air, dated June 13, 2011, and November 9, 2011, respectively denying the petitioner’s two successive applications for a license to operate a public inspection station. In its verified answer to the petition, the DMV] in addition to addressing the merits of the petition, asserted that the petitioner’s request for judicial review of the determination dated August 30, 2011, was time-barred, and that her challenge to the determination dated January 31, 2012, was barred by the doctrine of res judicata.
In an order entered December 12, 2012, the Supreme Court determined that the petitioner’s request for judicial review of the determination dated August 30, 2011, was time-barred and, in effect, directed the dismissal of the branch of the petition which was to review that determination. However, it rejected the DMV’s argument that the petitioner’s challenge to the determination dated January 31, 2012, was barred by the doctrine of res judicata. The Supreme Court then transferred the proceeding to this Court pursuant to CPLR 7804 (g).
The Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g) since the determination remaining to be reviewed was not made after a hearing held pursuant to direction of law at which evidence was taken (see CPLR 7803 [4]; see Matter of Holcomb v Williams, 72 AD3d 687, 687-688 [2010]; Matter of Yezek v State of N.Y. Dept. of Motor Vehs. Appeals Bd., 62 AD3d 1017, 1018 [2009]). Nevertheless, in the interest of judicial economy, we will decide the proceeding on the merits (see Matter of Holcomb v Williams, 72 AD3d at *861 688; Matter of Yezek v State of N.Y. Dept. of Motor Vehs. Appeals Bd., 62 AD3d at 1018). Although we are empowered, upon the transfer of this proceeding, to consider the propriety of the Supreme Court’s determination that the challenge to the determination dated August 30, 2011, was time-barred [see CPLR 7804 [g]; Matter of Wittie v State of N.Y. Off. of Children & Family Servs., 55 AD3d 842 [2008]; Matter of Desmone v Blum, 99 AD2d 170, 177 [1984]), the petitioner has limited her brief to arguments addressed to the determination dated January 31, 2012. Accordingly, we do not address any issues related to the challenge to the determination dated August 30, 2011.
The DMV argues to this Court that the petitioner’s challenge to the determination dated January 31, 2012, is not only barred by the doctrine of res judicata, but that it is time-barred as well. The DMV¡ however, waived its objection that the challenge to the determination dated January 31, 2012, is time-barred, since it failed to raise this objection in point of law in its verified answer (see Matter of Kowalczyk v Monticello, 107 AD3d 1365, 1366 [2013]). The challenge to the determination dated January 31, 2012, is not barred by the doctrine of res judicata.
With respect to the merits of that branch of the petition which was to review the determination dated January 31, 2012, the applicable standard of review is whether the “determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion” (CPLR 7803 [3]; see Matter of Morrow v County of Nassau, 105 AD3d 961, 961 [2013]). “An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts” (Matter of Beckham v Calogero, 12 NY3d 424, 431 [2009]; see Matter of Manko v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 88 AD3d 719, 720 [2011]).
Here, contrary to the petitioner’s contention, the record establishes that the determination dated January 31, 2012, affirming the decision to deny the petitioner’s second application for a license to operate a public inspection station, on the basis that the application contained a misrepresentation, was not arbitrary and capricious (see Matter of Aptaker v Administrative Review Bd. for Professional Med. Conduct, 60 AD3d 1160, 1163 [2009]). Mastro, J.P, Chambers, Austin and Miller, JJ., concur.