■ In the Matter of HARBOR PARK REALTY, LLC, Appellant, v CHRISTOPHER MODELEWSKI, as Chairman of the Zoning Board of Appeals of the Town of Huntington, et al., Respondents. [984 NYS2d 601]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington dated March 11, 2010, which, after a hearing, granted the application of the respondents John Notaro, R.A., Notaro Grupp Associates, and 1033 Fort Salonga, LLC, for certain area variances in connection with an application to construct a retail store, the petitioner appeals from an undated judgment of the Supreme Court, Suffolk County (Cohalan, J.), which, upon a decision of the same court dated November 23, 2011, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action taken is illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Hejna v Board of Appeals of Vil. of Amityville*, 105 AD3d 843, 844 [2013]; *Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d 411, 412 [2005]; *see also Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). Here, the Zoning Board of Appeals of the Town of Huntington (hereinafter the ZBA) granted several area variances so as to allow the respondents John Notaro, R.A., Notaro Grupp Associates, and 1033 Fort Salonga, LLC, to build a proposed commercial building, a retail store. In reaching its determination, the ZBA engaged in the balancing test prescribed by Town Law § 267-b (3) (b), and properly found, inter alia, that the requested variances were not substantial, would not produce an undesirable change in the character of the neighborhood or a detriment to nearby properties, and would not have an adverse effect or impact on the physical or environmental conditions in the neighborhood (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 612-613; *Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d 508, 509, 510 [2012]; *cf. Matter of Picarelli v Karl*, 51 AD3d 1028, 1029 [2008]). Furthermore, the ZBA's determination to grant a certain depth extension pursuant to the Town Code of the Town of Huntington § 198-110 (C) (1) was supported by a rational basis. The ZBA found that similar depth extensions had been granted to neighboring commercial properties, and that the depth extension was necessary for the reasonable use of the subject parcel (*see* Town Code § 198-110 [C] [1]). The petitioner's remaining contentions are without merit. Since the determination under review was not illegal, arbitrary and capricious, or an abuse of discretion, and was supported by a rational basis (*see Matter of Picarelli v Karl*, 51 AD3d at 1029), it must be sustained. Rivera, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.