Matter of Parsome, LLC v Zoning Bd. of Appeals of the Vil. of E. Hampton (2021 NY Slip Op 00849)





Matter of Parsome, LLC v Zoning Bd. of Appeals of the Vil. of E. Hampton


2021 NY Slip Op 00849


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-13519
 (Index No. 722/18)

[*1]In the Matter of Parsome, LLC, appellant,
v
Zoning Board of Appeals of the Village of East Hampton, respondent.


Law Offices of Richard E. Whalen, PLLC, Amagansett, NY (Madeleine Narvilas of counsel), for appellant.
Lamb & Barnosky, LLP, Melville, NY (Joel M. Markowitz of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of East Hampton dated January 12, 2018, which, after a hearing, denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated June 26, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In 2004, the petitioner purchased certain commercial property in the manufacturing district of the Village of East Hampton. The property was improved with a 6,600-square-foot commercial building, constructed in 1988, as well as a parking lot with 23 parking spaces. At the time of construction, the building conformed with the Village's parking regulations, which required 1 parking space for every 300 square feet of building floor space. In 1995, the Village amended its parking regulations so as to require 1 parking space for every 200 square feet of building floor space, as well as 2 parking spaces for every unit within a building (see Code of the Village of East Hampton [hereinafter Village Code] § 278-6[C][3]; [D][1]). The Village, however, did not compel compliance with the amended parking regulations for buildings unable to add additional parking, unless the building underwent an "intensification" of its use (Village Code § 278-6[A]).
In 2016, the Village notified the petitioner that it was in violation of the certificate of occupancy, since the building contained six office units, but was only permitted four according to the certificate of occupancy. Thereafter, the petitioner sought an area variance from the Zoning Board of Appeals of the Village (hereinafter the Board), in effect, to permit it to retain the additional two office units, without having to create additional parking.
After a hearing, the Board determined that the petitioner's creation of additional units within the subject building constituted an intensification of its use compelling compliance with the amended parking regulations. The Board calculated that 20 more parking spaces needed to be added for the building to comply with current parking regulations, and that the requested area variance was [*2]therefore substantial. The Board further found that the building had no access to public parking and occasionally experienced a parking shortage, that the district where the building was located had a parking shortage, and that the parking shortage had a detrimental impact upon traffic circulation and the neighborhood generally. Moreover, the Board found that the hardship was self-created. For the foregoing reasons, the Board denied the petitioner's application for an area variance.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the Board's determination. The Supreme Court denied the petition and dismissed the proceeding, and the petitioner appeals.
"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken . . . was illegal, arbitrary, or an abuse of discretion" (Matter of Schweig v City of New Rochelle, 170 AD3d 863, 865 [internal quotation marks omitted]; see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770-771). "'Therefore, a zoning board's determination should be sustained if it is not illegal, has a rational basis, and is not arbitrary or capricious'" (Matter of Schweig v City of New Rochelle, 170 AD3d at 865, quoting Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d 876, 877). A determination is rational "if it has some objective factual basis, as opposed to resting entirely on subjective considerations" (Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenberg, 68 AD3d 62, 67 [internal quotation marks omitted]; see Matter of FNR Home Constr. Corp. v Downs, 57 AD3d 540, 541-542).
Pursuant to Village Law § 7-712-b(3)(b), when determining whether to grant an area variance, a zoning board of appeals must weigh the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (see Matter of Schweig v City of New Rochelle, 170 AD3d at 865; Matter of Gallo v Rosell, 52 AD3d 514). In addition, a zoning board must consider (1) whether granting the variance would result in an undesirable change in the character of the neighborhood or a detriment to neighboring properties, (2) whether the benefit sought can be achieved by some method other than an area variance, (3) whether the requested variance is substantial, (4) whether granting the variance will have an adverse impact upon the physical or environmental conditions in the neighborhood, and (5) whether the alleged difficulty is self-created (see Village Law § 7-712-b[3][b]; Matter of FNR Home Constr. Corp v Downs, 57 AD3d at 542). Here, the record demonstrates that the Board engaged in the required balancing test and considered the relevant statutory factors (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 614; Matter of FNR Home Const. Corp v Downs, 57 AD3d at 542).
"[A] zoning board's interpretation of its zoning ordinance is entitled to great deference and will not be overturned by the courts unless unreasonable or irrational" (Matter of 7-Eleven, Inc. v Town of Huntington, 140 AD3d 889, 890 [internal quotation marks omitted]; see Matter of Gray v Village of Patchogue, 164 AD3d 587, 588). Contrary to the petitioner's assertion, the Board's interpretation of the Village Code that the addition of two units within the subject building constituted an "intensification," and, as a consequence, the building had to comply with the parking regulations as set forth in the Village Code, was "neither irrational, unreasonable, nor inconsistent with the governing statute," and therefore must be upheld (Matter of Halperin v City of New Rochelle, 24 AD3d at 774 [internal quotation marks omitted]). The governing Village Code sections were not ambiguous (see id.; Matter of New York SMSA Ltd. Partnership v Town of Islip Planning Bd., 300 AD2d 307, 309). The Board properly rejected the petitioner's contention that its intensification only required it to comply with that provision of the amended parking regulations requiring two additional parking spaces for every additional, unauthorized unit within the building, since that contention was not supported by a review of the Village Code. Accordingly, the Board properly determined that the building was required to have 43 parking spaces, and that because it only had 23 parking spaces, the variance sought was substantial.
The Board's determination that the variance would exacerbate parking problems affecting the subject building, and the district in which it was located, was legitimate and had a rational basis (see Matter of FNR Home Constr. Corp. v Downs, 57 AD3d at 542; Matter of Gallo [*3]v Rosell, 52 AD3d at 515). In addition, the Board was entitled to consider the effect its decision would have as a precedent (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 615; Matter of Gallo v Rosell, 52 AD3d at 516). Moreover, the petitioner is presumed to have known about the applicable zoning regulations when it purchased the property, and therefore, any hardship was self-created (see Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven, 77 AD3d 949, 949; Matter of Gallo v Rosell, 52 AD3d at 516).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
MASTRO, A.P.J., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court