Matter of Seaview Assn. of Fire Is., N.Y., Inc. v Town of Brookhaven Bd. of Zoning Appeals (2024 NY Slip Op 03486)

Matter of Seaview Assn. of Fire Is., N.Y., Inc. v Town of Brookhaven Bd. of Zoning Appeals

2024 NY Slip Op 03486

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2021-08148
 (Index No. 839/16)

[*1]In the Matter of Seaview Association of Fire Island, N.Y., Inc., appellant,
v
Town of Brookhaven Board of Zoning Appeals, et al., respondents.

Smith, Finkelstein, Lundberg, Isler & Yakaboski, LLP, Riverhead, NY (Alexsis J. Gordon of counsel), for appellant.
Annette Eaderesto, Town Attorney, Farmingville, NY (John W. Doyle of counsel), for respondent Town of Brookhaven Board of Zoning Appeals.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Town of Brookhaven Board of Zoning Appeals dated December 16, 2015, as, after a hearing, granted so much of the application of the respondent Phygella, Ltd., as was for certain area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated June 1, 2020. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of certain walkways located in the Town of Brookhaven. The respondent Phygella, Ltd. (hereinafter the applicant), is the owner of a parcel of property that abuts a walkway owned by the petitioner. The applicant's front yard fence sat on part of the petitioner's property due to a mistake regarding the location of the property line. In 2015, the applicant applied to the respondent Town of Brookhaven Board of Zoning Appeals (hereinafter ZBA) for variances, inter alia, to relocate its front yard fence to its own property with a two- to four-foot setback from the property line and to rebuild the fence to a height of six feet, using solid materials.
After a public hearing, the ZBA, inter alia, granted so much of the application as sought certain variances regarding the front yard fence, subject to the conditions that the applicant maintain a five-foot setback from the property line and that the fence could be built to a height of six feet, of which five feet could consist of solid materials and one foot was to consist of non-solid materials to allow light and air exposure. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to annul so much of the ZBA's determination as granted so much of the application as sought the foregoing variances, with conditions. In a judgment dated June 1, 2020, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of Stengel v Town of Poughkeepsie Zoning Bd. of Appeals, 167 AD3d 754, 755 [internal quotation marks omitted]). "Therefore, a zoning board's [*2]determination should be sustained if it is not illegal, has a rational basis, and is not arbitrary and capricious" (id. [internal quotation marks omitted]). "In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing the benefit to the applicant if the variance is granted . . . against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (id. [internal quotation marks omitted]; see Town Law § 267-b[3][b]). "In making such determination the board shall also consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b[3][b]; see Code of Town of Brookhaven § 85-57; Matter of Stengel v Town of Poughkeepsie Zoning Bd. of Appeals, 167 AD3d at 756).
Here, the ZBA engaged in the required balancing test and considered the relevant statutory factors (see Matter of Fowlkes v Board of Zoning Appeals of Town of N. Hempstead, 52 AD3d 711, 712-713; Matter of David Park Estates v Trotta, 283 AD2d 429, 430). Contrary to the petitioner's contentions, the partial grant of the application, with conditions, had a rational basis and was not arbitrary and capricious (see Matter of Stengel v Town of Poughkeepsie Zoning Bd. of Appeals, 167 AD3d at 756; Matter of Linzenberg v Summer, 277 AD2d 316, 316).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court