Matter of Hamptons Residence, LLC v Village of E. Hampton (2025 NY Slip Op 04992)

Matter of Hamptons Residence, LLC v Village of E. Hampton

2025 NY Slip Op 04992

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-03018
 (Index No. 609327/23)

[*1]In the Matter of Hamptons Residence, LLC, appellant, 
v
Village of East Hampton, et al., respondents.

Greenberg Traurig, LLP, Bridgehampton, NY (David J. Gilmartin and John DiCioccio of counsel), for appellant.
Perillo Hill LLP, Sayville, NY (Lisa A. Perillo of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review so much of a determination of the Zoning Board of Appeals of the Village of East Hampton dated March 14, 2023, as, after a hearing, denied so much of the petitioner's application as was for area variances and a coastal erosion hazard area variance for an enclosed gazebo, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated February 2, 2024. The judgment, insofar as appealed from, denied that branch of the petition which was to annul so much of the determination of the Zoning Board of Appeals of the Village of East Hampton dated March 14, 2023, as, after a hearing, denied so much of the petitioner's application as was for area variances and a coastal erosion hazard area variance for an enclosed gazebo, and dismissed that portion of the proceeding.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In 2023, the petitioner commenced this proceeding pursuant to CPLR article 78 against the respondents, the Zoning Board of Appeals of the Village of East Hampton (hereinafter the ZBA) and the Village of East Hampton, inter alia, to annul so much of a determination of the ZBA as, after a hearing, denied so much of the petitioner's application as was for two area variances and a coastal erosion hazard area variance (hereinafter the coastal erosion variance) for an enclosed gazebo on the petitioner's property. The Supreme Court, among other things, denied that branch of the petition and dismissed that portion of the proceeding. The petitioner appeals.
"Local zoning boards have broad discretion in considering variance applications, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion" (Matter of Nunnally v Zoning Bd. of Appeals of the Town of New Windsor, 217 AD3d 950, 953 [internal quotation marks omitted]; see Matter of Stengel v Town of Poughkeepsie Zoning Bd. of Appeals, 167 AD3d 754, 755). "Therefore, a zoning board's determination should be sustained if it is not illegal, has a rational basis, and is not arbitrary and capricious" (Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d 876, 877; see Matter of Parsome, LLC v Zoning Bd. of Appeals of the Vil. of E. Hampton, 191 AD3d 785, 786).
In determining whether to grant an application for an area variance, a zoning board [*2]must engage in a balancing test weighing "the benefit to the applicant if the variance is granted . . . against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (Village Law § 7-712-b[3][b]; see Matter of Colin Realty Co., LLC v Town of N. Hempstead, 24 NY3d 96, 103; Matter of Hampton Vil., LLC v Zoning Bd. of Appeals of the Inc. Vil. of Southampton, 239 AD3d 651, 652). In making this determination, the zoning board must consider the following factors: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created" (Village Law § 7-712-b[3][b]; see Code of Village of East Hampton § 278-7[C]; Matter of Bonadonna v Board of Zoning Appeals of the Inc. Vil. of Upper Brookville, 220 AD3d 855, 857). "The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors as long as its determination balancing the relevant considerations is rational" (Matter of Kramer v Zoning Bd. of Appeals of Town of Southampton, 131 AD3d 1170, 1172; see Matter of Humphreys v Somers Zoning Bd. of Appeals, 206 AD3d 1000, 1002). Here, the ZBA properly applied the required balancing test and considered the relevant statutory factors. The evidence before the ZBA supported its conclusions that granting the requested area variances and the coastal erosion variance would produce an undesirable change in the character of the neighborhood, the variances were substantial, and any hardship was self-created (see Matter of Kami Holding Corp. v Zoning Bd. of Appeals of the Vil. of Westbury, 223 AD3d 811, 813).
The parties' remaining contention need not be reached in light of our determination.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court