In the Matter of DAVID BELL, Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.

NEW YORK STATE LIQUOR AUTHORITY, Respondent, v BEAL PROPERTIES, INC., Appellant. (And Five Other Related Actions.)

Third Department, May 22, 1975

*Oppenheim & Drew (Stephen L. Oppenheim* of counsel), for Beal Properties, Inc., appellant.

*David Bell,* appellant *pro se.*

*William E. Bandon (Joseph J. Micare* of counsel), for respondent.

SWEENEY, J. Appellants operate bars in Sullivan County under licenses issued by respondent. Separate proceedings were instituted to revoke appellants' licenses for violating subdivision 6 of section 106 of the Alcoholic Beverage Control Law. The chief defense to the charges urged by appellants is that respondent has violated the Fourteenth Amendment's equal protection clause by "selective enforcement" against their establishments. A revocation hearing was scheduled and, in order to establish this defense, Beal Properties subpoenaed six employees of respondent and David Bell subpoenaed two of the same six. The latter two appeared, testified and the hearing was adjourned. One of the subpoenaed witnesses was excused after he testified; no mention was made to the other about returning on the adjourned date and neither did. Motions were made to punish the two witnesses for contempt on failing to return on the adjourned date and also to restrain respondent from proceeding with the revocation hearing until appellants were permitted to present additional proof on their defense of selective enforcement. Respondent moved to quash the six outstanding subpoenas. Special Term denied appellants' motions and quashed the six subpoenas.

The principal issue raised on this appeal is whether the court erred in determining that the issue of unconstitutional selective enforcement could not properly be raised at the administrative hearing. In the event Special Term is sustained on this appeal, appellants urge this court to establish a forum in which the defense can be raised properly.

If appellants were able to produce sufficient facts to establish a practice of selective enforcement by respondent, a valid constitutional defense would lie. *(People v Goodman,* 31 NY2d 262.) In our view, however, the hearing officer and Special Term properly refused to permit appellants to develop the defense of discriminatory selective enforcement at the administrative hearing level. Such questions must be submitted to a judicial tribunal. *(Matter of Di Maggio v Brown,* 19 NY2d 283, 291–292.) The proper manner in which to develop such a defense is to raise it initially in an article 78 proceeding subsequent to the administrative hearing. If a triable issue of fact is thereby raised, the reviewing court may order it tried forthwith. (CPLR 7804, subd [h]; 1 N.Y. Jur., Administrative Law, § 180.)

The orders and judgments should be affirmed, with costs.

HERLIHY, P. J., KANE, MAIN and REYNOLDS, JJ., concur.

Orders and judgments affirmed, with costs.