■ In the Matter of LESLIE CANNON, Respondent-Appellant, v GORDON F. URLACHER, as Chief of Police of the City of Rochester, Appellant-Respondent.—Judgment unanimously reversed on the law without costs, determination confirmed, and petition dismissed. Memorandum: It was error for the court to remit this matter for a new administrative hearing at which respondent's licensing records must be considered. The Hearing Officer properly refused to enforce the subpoena duces tecum demanding the production of respondent's licensing records because those records were not relevant to the issues to be determined at the hearing. Petitioner sought to introduce those records to support his claim of discriminatory enforcement. A claim of discriminatory enforcement of a disciplinary scheme by a licensing authority cannot be raised at an administrative hearing *(see, Matter of Di Maggio v Brown,* 19 NY2d 283, 291-292; *Matter of Feigman v Klepak,* 62 AD2d 816, 819; *Matter of Bell v New York State Liq. Auth.,* 48 AD2d 83, 84). Such claim should be submitted to a court in a CPLR article 78 proceeding *(see, Matter of Bell v New York State Liq. Auth., supra).* Additionally, there is no merit to petitioner's contention that the licensing records were admissible to support his claim that the penalty of revocation is excessive. Petitioner's claim of disproportionate penalty did not ripen until respondent imposed the penalty. Consequently, it was premature for petitioner to attempt to raise that issue at the administrative hearing.

Although an article 78 proceeding in Supreme Court is the proper vehicle for judicial review of the appropriateness of a penalty (CPLR 7803 [3]), petitioner has failed to establish a prima facie case of discriminatory enforcement. "A discriminatory purpose may not be presumed. There must be a showing by extrinsic evidence of 'clear and intentional discrimination' *(Matter of Di Maggio v Brown,* 19 NY2d 283, 290-291)"

*(Matter of Feigman v Klepak, supra,* at 819). The petition contains only vague and conclusory statements that other taxi drivers and hack plate owners have committed crimes and not been subjected to penalties as severe as that imposed on petitioner. Such vague allegations are inadequate to require a hearing. We conclude that the penalty imposed on petitioner was not so disproportionate to the offense that it constitutes an abuse of discretion. In pleading guilty to the criminal charge, petitioner admitted that he submitted vouchers for substantial overcharges to the county. It was established at the hearing that he had a lengthy record of violations of the Vehicle and Traffic Law, the City Taxi Code and the City Parking Code. It was therefore well within respondent's discretionary authority to find that petitioner had forfeited his right to a license. (Appeals from judgment of Supreme Court, Monroe County, Rosenbloom, J.—art 78.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.