■ In the Matter of ARIA CONTRACTING CORPORATION, Petitioner, v JAMES J. McGOWAN, as Commissioner of New York State Department of Labor, et al., Respondents. [684 NYS2d 93] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner challenges a determination of the New York State Department of Labor (Department) finding him guilty of violating 14 code violations involving the removal of asbestos (*see*, 12 NYCRR part 56). Petitioner admitted most of the violations and, in any event, the testimony of the investigators who described the violations constitutes substantial evidence in support of the determination (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181-182). Petitioner's excuses for the violations presented an issue of credibility for the Hearing Officer to resolve (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444; *Matter of Collins v Codd*, 38 NY2d 269, 270-271). Petitioner contends that the proceedings "were biased and prejudicial" because the Hearing Officer excluded two witnesses from testifying. Those witnesses did not inspect the sites, however, and their testimony would have been irrelevant on the issue whether petitioner violated the rules regarding asbestos removal (*see*, State Administrative Procedure Act § 306 [1]). Petitioner asserted that those witnesses were needed to demonstrate discriminatory enforcement, but that claim may not be raised at an administrative hearing (*see, Matter of Cannon v Urlacher*, 155 AD2d 906; *Matter of Bell v New York State Liq. Auth.*, 48 AD2d 83, 84). Finally, in light of the seriousness of the violations and petitioner's previous violations of the rules for asbestos removal, the civil penalty of $34,000 and a two-year license revocation are not so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233; *Matter of 106 Fulton Assocs. v City of N. Y. Envtl. Control Bd.*,

214 AD2d 440). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Gorski, J.) Present—Denman, P. J., Hayes, Pigott, Jr., Callahan and Fallon, JJ.