■ In the Matter of WILLIAM C. GLATT et al., Appellants, v TOWN OF WILLIAMSTOWN, Respondent. [783 NYS2d 172]—

Appeal from a judgment (denominated order and judgment)

of the Supreme Court, Oswego County (Robert J. Nicholson, J.), entered November 17, 2003 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this CPLR article 78 proceeding, petitioners challenge the determination of respondent, Town of Williamstown (Town), finding them in violation of Local Law No. 1 of 1998 and Local Law No. 1 of 2003 because of the outdoor storage of junk on the adjoining properties of petitioners William C. Glatt and Jean Marie Glatt in a manner dangerous to the health, safety and welfare of Town residents. We reject petitioners' contention that the determination was barred by the doctrine of res judicata. In contending that the doctrine of res judicata applies, petitioners rely upon an order of Supreme Court dated June 19, 2003 entered on a stipulation between Jean Marie Glatt and the Town regarding the removal of junk from her property. We conclude that the doctrine of res judicata does not apply herein because William Glatt and his property were not involved in the prior proceeding. Furthermore, the Town's determination was based upon facts arising after the June 19, 2003 stipulated order, and res judicata is therefore inapplicable under the "transaction" analysis applied in New York (*see generally Matter of Hodes v Axelrod*, 70 NY2d 364, 372-373 [1987]). Additionally, because Jean Marie Glatt previously sought to vacate the June 19, 2003 stipulated order, she is judicially estopped from relying on it in this proceeding and from adopting a position directly contrary to one taken in the prior proceeding (*see Clifton Country Rd. Assoc. v Vinciguerra*, 252 AD2d 792, 793 [1998]).

We reject petitioners' contention that the Town's determination is not supported by substantial evidence. The uncontroverted testimony of the Town's code enforcement officer established that petitioners were storing junk on the Glatts' properties in violation of Local Law No. 1 of 1998 and that the storage of junk constituted a danger to the health, safety and welfare of Town residents. We therefore conclude that the determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-182 [1978]). We also reject petitioners' contention that the court erred in failing to conduct a hearing on the defense of selective enforcement. Petitioners failed to make a showing by extrinsic evidence of clear and intentional discrimination sufficient to raise an issue of fact requiring a trial (*see Matter of Cannon v Urlacher*, 155 AD2d 906, 906-907 [1989];

*Matter of Bell v New York State Liq. Auth.*, 48 AD2d 83, 84 [1975]). Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.