■ In the Matter of HYGEIA OF NEW YORK, INC., et al., Petitioners, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. [877 NYS2d 559]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Herkimer County

[Michael E. Daley, J.], entered October 8, 2008) to annul a determination of respondent M. Patricia Smith, Commissioner, New York State Department of Labor. The determination, among other things, revoked the asbestos handling license of petitioner Hygeia of New York, Inc. for a period of two years.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination that, inter alia, revoked the asbestos handling license of petitioner Hygeia of New York, Inc. (Hygeia) for a two-year period. Contrary to the contention of petitioners, we conclude that the determination is supported by substantial evidence (*see Matter of Aria Contr. Corp. v McGowan*, 256 AD2d 1204 [1998]; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). Hygeia was hired by the Rome City School District (School District) to perform monitoring services for an asbestos abatement project. Although Hygeia's president, petitioner Eugene A. Carcone, was aware that the abatement subcontractor had violated part 56 of the Industrial Code (12 NYCRR part 56) involving the removal of asbestos, Hygeia nevertheless issued a report to the School District indicating that the asbestos abatement project was completed in accordance with all applicable laws. In light of the express purpose of part 56 to "reduce the risks to the public associated with the exposure to asbestos" (12 NYCRR 56-1.2 [b]), the Hearing Officer properly determined that the act of falsely reporting to the School District that the asbestos abatement project was in compliance with all applicable laws was an adequate basis for the revocation of Hygeia's asbestos handling license for two years (*see* Labor Law § 909 [2]).

We further conclude that, in light of the serious nature of the violation, the two-year license revocation is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Aria Contr. Corp.*, 256 AD2d 1204 [1998]). Finally, contrary to petitioners' contention, "it was not improper for the fact-finding determination to be made by a person who did not preside at the . . . hearing . . . and petitioner[s were] not deprived of due process thereby" (*Matter of Theresa G. v Johnson*, 26 AD3d 726, 727 [2006] [internal quotation marks omitted]). Present—Hurlbutt, J.P., Peradotto, Carni, Green and Pine, JJ.