In the Matter of MICHAEL J. MIMASSI, Appellant, v TOWN OF WHITESTOWN ZONING BOARD OF APPEALS et al., Respondents. [889 NYS2d 337]—

Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered April 2, 2009 in a proceeding pursuant to CPLR article 78. The judgment granted the motion of respondents and dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner owns property located in the Town of Whitestown (Town) in a zoning district that does not permit multifamily dwellings pursuant to the Town's current Zoning Code (Code). When petitioner purchased the property, a farmhouse located there had been converted into a three-family dwelling prior to the passage of the current Code and was thus permitted to remain as a preexisting nonconforming use. Petitioner subsequently converted a preexisting barn into eight apartment units, whereupon respondent Codes Enforcement Officer issued an "order to remedy violation," ordering the removal of the tenants from the barn. The order stated that petitioner was in violation of the Code and that a building permit had to be obtained before multifamily apartment units were constructed. Petitioner appealed to respondent Town of Whitestown Zoning Board of Appeals (ZBA), which affirmed the order to remedy violation. The ZBA determined that the construction of the barn apartment units violated the Code and that the units were not entitled to nonconforming use status. Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of the ZBA and to vacate the order to remedy violation. We conclude that Supreme Court properly granted respondents' motion to dismiss the petition.

Contrary to the contention of petitioner, his use of the barn as a multifamily dwelling constitutes a violation of the Code, which prohibits the expansion of a preexisting nonconforming

use (Code § 200-29 [C], [E] [1]), and thus the ZBA's determination is not arbitrary and capricious (*see generally Matter of Conway v Town of Irondequoit Zoning Bd. of Appeals,* 38 AD3d 1279, 1280 [2007]). Petitioner's reliance on the definition of "multifamily dwelling" in the Code is misplaced inasmuch as petitioner has failed to take into account the ordinances addressing the issue of a nonconforming use. Petitioner further contends that his constitutional rights were violated by respondents' selective enforcement of the Code and that the court erred in failing to conduct a hearing on the issue of selective enforcement, i.e., discrimination. We reject that contention. "Petitioner[ ] failed to make a showing by extrinsic evidence of clear and intentional discrimination sufficient to raise an issue of fact requiring a trial" (*Matter of Glatt v Town of Williamstown,* 11 AD3d 1017, 1018 [2004]). Petitioner's "vague and conclusory statements" that other property owners have violated the Code but have not been subjected to the same penalties are inadequate to meet that burden (*Matter of Cannon v Urlacher,* 155 AD2d 906, 907 [1989]). The further contention of petitioner that he has "a retaliation claim under the First Amendment" is raised for the first time on appeal and is therefore not properly before us (*see Ciesinski v Town of Aurora,* 202 AD2d 984, 985 [1994]). Present—Hurlbutt, J.P., Martoche, Smith, Carni and Pine, JJ.