Matter of 16 Main St. Prop., LLC v Village of Geneseo (2024 NY Slip Op 01450)

Matter of 16 Main St. Prop., LLC v Village of Geneseo

2024 NY Slip Op 01450

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

888 CA 22-01128

[*1]IN THE MATTER OF 16 MAIN STREET PROPERTY, LLC, PETITIONER-PLAINTIFF-APPELLANT,
v
VILLAGE OF GENESEO, VILLAGE OF GENESEO ZONING BOARD OF APPEALS AND CRAIG WADSWORTH, IN HIS CAPACITY AS CODE ENFORCEMENT OFFICER OF VILLAGE OF GENESEO, RESPONDENTS-DEFENDANTS-RESPONDENTS. 

BOND, SCHOENECK & KING, PLLC, BUFFALO (CHARLES D. GRIECO OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT.
UNDERBERG & KESSLER LLP, ROCHESTER (MATTHEW M. SIMMONDS OF COUNSEL), FOR RESPONDENTS—DEFENDANTS-RESPONDENTS. 

 Appeal from a judgment (denominated order) of the Supreme Court, Livingston County (Kevin Van Allen, A.J.), entered June 27, 2022, in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment, inter alia, dismissed the amended petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion in part, reinstating the fifth cause of action, and granting judgment in favor of respondents-defendants as follows:
It is ADJUDGED and DECLARED that the definitions of "family" in the Zoning Ordinance of the Village of Geneseo and the Geneseo Rental Housing Law are not illegal, discriminatory, void or unenforceable under the New York Constitution and laws of the State of New York or the United States Constitution;
and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Livingston County, for further proceedings in accordance with the following memorandum: In this hybrid CPLR article 78 proceeding and action, petitioner-plaintiff (petitioner) seeks, inter alia, to annul certain determinations of respondent-defendant Village of Geneseo Zoning Board of Appeals (ZBA) relating to a property (property) located in respondent-defendant Village of Geneseo (Village) that petitioner owns.
Petitioner purchased the property in November 2020. Since 2009, the property has been in the Village's Residential-2 (R-2) zoning district and, in 2011, the Zoning Ordinance of the Village of Geneseo (Zoning Ordinance) was amended, inter alia, to exclude two-family dwellings as a specially permitted use in the R-2 district. Both before and after the Zoning Ordinance was amended in 2011, the property was used by the previous owner as a bed-and-breakfast, a permitted use in the R-2 district.
Shortly after purchasing the property, petitioner applied for a rental housing permit for a boardinghouse, and petitioner received such a permit, with an occupant load of eight, valid through December 2021. Petitioner was informed in March 2021, however, that the permit erroneously listed the occupant load as eight, and that the Zoning Ordinance permitted a maximum of three unrelated persons in boardinghouses. In May 2021, the Village's Code Enforcement Officer (CEO) issued petitioner a notice of violation for having an excess number of occupants at the property.
Thereafter, petitioner, inter alia, appealed the CEO's determination with respect to the notice of violation to the ZBA and made various applications seeking alternative uses of the property. Specifically, petitioner sought permission to use the property as a two-family dwelling with four tenants per unit, as a single-family dwelling to be occupied by eight members of a sorority, or as a bed-and-breakfast with a property manager who would live at the property and serve breakfast. Those applications were denied by the CEO, and petitioner, inter alia, appealed the CEO's determinations with respect to those applications to the ZBA, and also applied to the ZBA for area and use variances allowing for an increased occupancy load. The ZBA denied the various relief sought by petitioner.
Petitioner then commenced this hybrid CPLR article 78 proceeding and action seeking, inter alia, to annul the relevant determinations of the ZBA, damages based on theories of negligence and a regulatory taking, and a declaration that certain portions of the Zoning Ordinance and the Geneseo Rental Housing Law are illegal and unconstitutional. Respondents-defendants (respondents) answered and moved to dismiss the amended petition-complaint pursuant to, inter alia, CPLR 3211. Supreme Court granted the motion and dismissed the amended petition-complaint, and petitioner now appeals.
We conclude, initially, that the court properly granted the motion insofar as it sought to dismiss the CPLR article 78 causes of action (see generally Matter of Hudson v Town of Orchard Park Zoning Bd. of Appeals, 218 AD3d 1380, 1382 [4th Dept 2023]). "[L]ocal zoning boards have broad discretion, and [a] determination of a zoning board should be sustained on judicial review if it has a rational basis and is supported by substantial evidence" (Matter of Fox v Town of Geneva Zoning Bd. of Appeals, 176 AD3d 1576, 1577 [4th Dept 2019] [internal quotation marks omitted]). "So long as [the board's] interpretation is neither 'irrational, unreasonable nor inconsistent with the governing [code],' it will be upheld" (Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y., 91 NY2d 413, 419 [1998]).
Contrary to petitioner's contention, we conclude that the record "contain[s] sufficient facts to permit intelligent judicial review" of the ZBA's determinations (Matter of Livingston Parkway Assn., Inc. v Town of Amherst Zoning Bd. of Appeals, 114 AD3d 1219, 1230 [4th Dept 2014] [internal quotation marks omitted]; see Matter of Circle T Sterling, LLC v Town of Sterling Zoning Bd. of Appeals, 187 AD3d 1542, 1544 [4th Dept 2020]; Matter of Iwan v Zoning Bd. of Appeals of Town of Amsterdam, 252 AD2d 913, 914 [3d Dept 1998]).
We reject petitioner's contention that the ZBA acted arbitrarily and capriciously in determining that the property was not "grandfathered" for use as a two-family dwelling (see generally Matter of Mimassi v Town of Whitestown Zoning Bd. of Appeals, 67 AD3d 1454, 1454-1455 [4th Dept 2009]). Section 130-68 (B) of the Zoning Ordinance provides in pertinent part that, "[i]n any district, whenever a nonconforming use of . . . [a] building or structure . . . has been discontinued for a period of 365 consecutive days, such nonconforming use shall not be reestablished, and all future uses shall be in conformity with the provisions of this chapter." Here, the property was not used as a two-family dwelling between 1997 and 2020; rather, it was operated as a bed-and-breakfast, which is a permitted use in the R-2 district. Thus, any prior nonconforming use as a two-family dwelling was abandoned, and the permit issued to the prior owner "could not confer rights in contravention of the zoning laws" (Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 282 [1988], rearg denied 71 NY2d 995 [1988], cert denied 488 US 801 [1988] [internal quotation marks omitted]).
Similarly, we conclude that, contrary to petitioner's contention, the ZBA's determination affirming the CEO's denial of petitioner's application for a rental permit for a single-family dwelling with an eight-person occupancy load was not arbitrary or capricious. The Geneseo Rental Housing Law includes within the definition of a "family" a group of "[m]ore than four persons occupying a dwelling unit and living together as a traditional family or the functional equivalent of a traditional family" (Geneseo Rental Housing Law
§ 96-6). However, the Geneseo Rental Housing Law contains a rebuttable presumption that a group of more than four persons living in a dwelling unit "who are not related by blood, marriage or legal adoption do not constitute the functional equivalent of a traditional family" (id.). Here, the proposed tenants consisted of a group of eight sorority members who were presumptively not a family under the Geneseo Rental Housing Law, and petitioner did not submit evidence before the ZBA rebutting that presumption (see Matter of Northwood Sch., Inc. v Joint Zoning Bd. of [*2]Appeals for the Town of N. Elba & Vil. of Lake Placid, 171 AD3d 1292, 1294 [3d Dept 2019]).
We likewise reject petitioner's contention that the ZBA acted arbitrarily and capriciously in affirming the CEO's determination denying petitioner's request to operate the property as a bed-and-breakfast with a live-in property manager. The Zoning Ordinance's definition of a "bed-and-breakfast" requires, among other things, that a residence used as a bed-and-breakfast be "owner-occupied" (Zoning Ordinance § 130-5). Here, petitioner indicated that its principal member would not be residing at the property and failed to specify how that requirement would be satisfied. Contrary to petitioner's contention, its reliance upon the Geneseo Rental Housing Law's definition of "owner" for the proposition that the property could be operated as a bed-and-breakfast with a "property manager" who lived on-site and served breakfast is misplaced. Section 96-5 of the Geneseo Rental Housing Law—titled "Scope, applicability and exceptions"—specifically states that the provisions of the Geneseo Rental Housing Law "do not apply to . . . bed-and-breakfast dwellings" (Geneseo Rental Housing Law § 96-5 [D] [6]).
Similarly, we reject petitioner's contention that the ZBA acted arbitrarily and capriciously with respect to its determination denying petitioner's application for an area variance allowing petitioner to operate the property as a boardinghouse with eight tenants. The record establishes that the ZBA weighed the benefit to petitioner against the detriment to the welfare of the neighborhood if the variance were granted and considered the appropriate statutory factors (see Village Law § 7-712-b [3] [b]). In particular, the ZBA concluded that the increase from three tenants, as permitted in a boardinghouse under the Zoning Ordinance, to eight was significant and, inter alia, would cause more noise and commotion, affect property values nearby, and lead to an increase in applications by landlords for area variances allowing for the housing of more students in smaller places (see Matter of Ifrah v Utschig, 98 NY2d 304, 307-308 [2002]; see also Matter of DeGroote v Town of Greece Bd. of Zoning Appeals, 35 AD3d 1177, 1178 [4th Dept 2006]). In addition, the ZBA determined that petitioner had not explored other uses for the property, and that the problem was self-created (see Matter of People, Inc. v City of Tonawanda Zoning Bd. of Appeals, 126 AD3d 1334, 1335 [4th Dept 2015]).
We also reject petitioner's contention that the ZBA's determination denying petitioner's application for a use variance with respect to certain provisions of the Zoning Ordinance was arbitrary and capricious. Petitioner failed to establish that the alleged hardship is unique (see Matter of Vomero v City of New York, 13 NY3d 840, 841 [2009]), or "[t]hat the variance will afford the least intrusive solution" (Zoning Ordinance § 130-17 [C] [3] [e]). 
Contrary to petitioner's further contention, the court properly granted the motion insofar as it sought to dismiss petitioner's causes of action for negligence (see generally Maldovan v County of Erie, 188 AD3d 1597, 1599-1600 [4th Dept 2020], affd 39 NY3d 166 [2022], rearg denied 39 NY3d 1067 [2023]) and for a regulatory taking (see Putnam County Natl. Bank v City of New York, 37 AD3d 575, 576-577 [2d Dept 2007], lv denied 8 NY3d 815 [2007]) for failure to state a cause of action (see CPLR 3211 [a] [7]).
With respect to petitioner's fifth cause of action, for a judgment declaring that the definitions of "family" and "boardinghouse" in the Zoning Ordinance and Geneseo Rental Housing Law are illegal and unconstitutional, we conclude, initially, that the court erred in dismissing that cause of action rather than issuing a declaration (see generally Matter of Kerri W.S. v Zucker, 202 AD3d 143, 155 [4th Dept 2021], lv dismissed 38 NY3d 1028 [2022]). We reject petitioner's contention that the definitions of "family" are illegal or unconstitutional (see Village of Brockport v Webster, 283 AD2d 1010, 1010 [4th Dept 2001]; see also Grodinsky v City of Cortland, 163 AD3d 1181, 1182-1183 [3d Dept 2018]). However, inasmuch as "there are no questions of fact" with respect to petitioner's challenge to the definitions of family "and the only issues presented are questions of law or statutory interpretation" (Kerri W.S., 202 AD3d at 155 [internal quotation marks omitted]), the proper procedure for the court was to deny the motion in relevant part "in order to 'retain[ ] jurisdiction of the controversy,' and then immediately 'declare[ ] the rights of the parties, whatever they may be' " (id., quoting St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ., 20 NY2d 317, 325 [1967]).
We agree with petitioner, however, that the court erred in determining as a matter of law that the definition of "boardinghouse" in the Zoning Ordinance is not illegal or unconstitutional. We conclude that "factual issues preclude a summary determination of the parties' rights" with [*3]respect to petitioner's challenge to that definition (id. at 154; cf. Pless v Town of Royalton, 185 AD2d 659, 660 [4th Dept 1992], affd 81 NY2d 1047 [1993]). In light of the foregoing, we modify the judgment by denying the motion in part with respect to the fifth cause of action, reinstating that cause of action, and issuing a declaration in respondents' favor with respect to the definitions of "family" in the Zoning Ordinance and Geneseo Rental Housing Law, and we remit the matter to Supreme Court for further proceedings on that part of the fifth cause of action seeking a declaration with respect to the definition of "boardinghouse" in the Zoning Ordinance.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court