Carrol S. Walsh, Jr., J.
This is a special proceeding brought upon the verified petition of Nellie DeRizzo, together with supporting affidavits, to declare the respondent, Anna Javarone, incompetent and for the appointment of a committee of her person and property. Notice of the petition has been given the respondent, and she has answered, demanding dismissal of the petition, and submitting supporting affidavits of her position, including that of her attending physician for the last 30 years.
The procedure herein is now governed by section 78.03 of the Mental Hygiene Law. Subdivision (e) of that section provides that upon the return date of the petition, the matter shall proceed to hearing, or if a triable issue or issues of fact be raised shall proceed to trial, as prescribed by the Civil Practice Law and Rules for the conduct of special proceedings.
Petitioner and her attorney contend that this provision requires a hearing at which witnesses appear, are sworn and testimony taken. Not so. Proceedings for declaration of incom *21 petency and appointment of a committee are special proceedings and are governed by and subject to the provisions of CPLR article 4. CPLR 409 provides that upon the hearing, each party shall furnish to the court all papers served by him, and the court may require the submission of additional proof. The court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised, and the court may make any orders permitted on a motion for summary judgment. Thus, every hearing of a special proceeding is equivalent to the hearing of a motion for summary judgment and makes a formal motion for same unnecessary in a special proceeding. As in all such motions, the matter may be summarily determined by the court solely on the pleadings and other papers submitted.
The petition herein, together with the affidavits in support, consist principally of conclusory statements of laymen, some of the brothers and sisters of the respondent, and allege that respondent has delusions of seeing her deceased parents in her residence, that she has fits of temper, wanders from subject to subject in her conversations, has exposed herself naked on her porch, and is filthy in her appearance. Nowhere, however, is there anything factual set forth sufficient to create the presumption that she is incapable of handling her affairs or herself. Even if some of what is said about her is true, this is only an indication of eccentric behavior, but not enough to lead to a conclusion that she is unable to take care of her own affairs. The petitioner and the brothers and sisters who have joined with her express concern over the disposition of certain real property by respondent to another brother, contending that it was disposed of without adequate consideration, although conceding that they know nothing about the transaction or the terms.
On the other hand, respondent denies in her answer that she is incompetent, asserts that her brothers and sisters moving against her herein have repeatedly demanded that she turn over to them the properties owned by her, that she has competently managed these properties for years and did sell the same to another brother for full and adequate consideration; that she has no delusions and has never exposed herself naked in public. Also submitted is the affidavit of her attending physician who unequivocally swears, with reasonable medical certainty, that respondent is competent and well able to manage her affairs; the affidavit of a competent, experienced, duly licensed real estate broker who appraised the properties; the *22 contract of sale; affidavit of the purchaser; a brother of the respondent, setting forth in complete detail the terms of the sale and that he never observed respondent having any delusions or acting other than competently: affidavit of a local banker who has done business with respondent for years and with whom respondent conferred as to the best manner of handling the proceeds from the sale, and who found respondent in full possession of her faculties and fully aware of the business transaction and investment practices, intelligent, coherent, and fully competent and capable of handling her affairs; affidavit of a neighbor for over nine years as to her observations of respondent refuting accusations by the moving brothers and sisters.
Examination of the contract, in light of the appraisal, discloses that the transaction was iminently fair, the consideration fully adequate, and that it was all in the best interests of and advantageous to respondent.
Based on the inadequacy and insufficiency of the petition and supporting papers, and the overwhelming evidence submitted in opposition to the petition, the court finds no issue of fact requiring a trial, and grants judgment dismissing the petition, together with costs and disbursements to respondent.