█ In the Matter of PAUL BATTAGLIA, Respondent, v RAYMOND T. SCHULER, as Commissioner of the New York State Department of Transportation, et al., Appellants.—Judgment unanimously affirmed, with costs. Memorandum: Respondents appeal from a judgment in petitioner's CPLR article 78 proceeding which, *inter alia,* determined that petitioner's employment was terminated in violation of his seniority rights (Civil Service Law, § 80-a) as a noncompetitive employee with more than five years' continuous service, and directed his reinstatement as a State highway equipment operator. Section 80-a of the Civil Service Law provides in part that where, because of economy, noncompetitive positions are abolished, suspension among incumbents holding similar positions and having tenure pursuant to section 75 (subd 1, par [c]) of the Civil Service Law shall be made in the inverse order of original appointment. It is undisputed that petitioner was appointed on November 10, 1966; that, assuming his service was continuous, his tenure under section 75 (subd 1, par [c]), and therefore his seniority rights under section 80-a, would have vested on November 10, 1971; and that he was discharged for economic reasons without a hearing and in violation of his seniority rights on January 23, 1976. In their answer to the verified petition respondents set forth only the conclusory allegation that "petitioner was not a tenured employee * * * in that his service was interrupted on or about August 24, 1970 to August 25, 1970, and on or about December 14, 1973 through January 2, 1974." The answer is verified not by someone purporting to have knowledge of the facts, but by an Assistant Attorney-General. Further, no "affidavits or other written proof showing such evidentiary facts" as would entitle respondents to a trial were submitted with the answer as would be permitted by CPLR 7804 (subd [e]). In his reply to the respondents' answer the petitioner stated that the "interruptions in Petitioner's service on or about August 24, 1970 to August 25, 1970 and on or about December 14, 1973 to January 2, 1974 were attributable to illness and physical incapacity and do not constitute an interruption in continuous service under §§ 75 and 80-a of the Civil Service Law." Respondents made no response to this pleading. Nor were any affidavits, documents, or other proof submitted to refute the petitioner's allegations in the reply. In the papers submitted to the court, both parties requested a final determination on the merits and neither asserted that the record presented questions of fact requiring a hearing under CPLR 7804 (subd [h]). A CPLR article 78 proceeding is a special proceeding (CPLR 7804, subd [a]) and as such may be summarily determined "upon the pleadings, papers, and admissions to the extent that no triable issues of fact are raised" (CPLR 409, subd [b]). "Thus, every hearing of a special proceeding is equivalent to the

hearing of a motion for summary judgment and makes a formal motion for same unnecessary". *(Matter of Javarone,* 76 Misc 2d 20, 21, affd 49 AD2d 788; see, also, *Matter of Levien v Board of Zoning & Appeals of Inc. Vil. of Russell Gardens,* 64 Misc 2d 40.) Accordingly, the court properly considered the pleadings as affidavits in a motion for summary judgment, and correctly granted judgment to petitioner. Respondents' conclusory assertions, unsupported by facts in the answer, the only paper submitted by respondents, are not enough to defeat summary judgment. (See *Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285; *Indig v Finklestein,* 23 NY2d 728.) Furthermore, the answer is deficient because the affiant does not purport to have first-hand knowledge of the facts (see *Capelin, supra).* Respondents' reliance in this appeal on 4 NYCRR 21.3 (d) of the Rules and Regulations of the Department of Civil Service is misplaced. Subdivision (d) of rule 21.3 provides with respect to sick leave credits that "the appointing authority may require * * * proof of illness". There is no evidence that petitioner was required to submit proof of illness or that he violated subdivision (d) of rule 21.3 in any respect. In any event, the question of petitioner's alleged violation of subdivision (d) of rule 21.3 is raised for the first time on this appeal, and therefore is not properly before this court. (See *Mulligan v Lackey,* 33 AD2d 991; *Dixon v La Guardia,* 277 NY 84.) (Appeal from judgment of Erie Supreme Court—art 78.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.