BOARD OF TRUSTEES OF VILLAGE OF SACKETS HARBOR, Appellant, v SACKETS HARBOR LEASING COMPANY, LLC, Respondent, et al., Defendant. [769 NYS2d 420]—Appeal from those parts of an order of Supreme Court, Jefferson County (McGuire, J.), entered December 27, 2002, that denied the motion of plaintiff for a preliminary injunction, converted the cross motion of defendant Sackets Harbor Leasing Company, LLC to dismiss the complaint against it into one seeking summary judgment and granted that defendant partial summary judgment dismissing the second cause of action against it.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is denied, the second cause of action against defendant Sackets Harbor Leasing Company, LLC is reinstated and the matter is remitted to Supreme Court,

Jefferson County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking a permanent injunction requiring Sackets Harbor Leasing Company, LLC (defendant) to remove two docks it built in conjunction with the construction of a yacht club, hotel and conference center, on the ground that the docks do not comply with the requirements of plaintiff's Waterfront Management Law. Supreme Court denied plaintiff's motion for a preliminary injunction enjoining defendant from using the docks pending determination of the action, converted defendant's cross motion to dismiss the complaint into one seeking summary judgment, and granted defendant partial summary judgment dismissing the second cause of action against it. Even assuming, arguendo, that the court properly converted the cross motion to dismiss into one seeking summary judgment (*see* CPLR 3211 [c]; *see generally Carcone v D'Angelo Ins. Agency,* 302 AD2d 963 [2003]), we conclude that defendant failed to establish its entitlement to judgment as a matter of law and thus the court erred in granting partial summary judgment to defendant (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). We therefore reverse the order, deny defendant's cross motion, reinstate the second cause of action against defendant and remit the matter to Supreme Court, Jefferson County, for reconsideration of the merits of plaintiff's motion seeking a preliminary injunction (*see Six Nations Apt. Hous. Fund Dev. Co. v Six Nations Props.,* 175 AD2d 567, 567-568 [1991]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Hayes, JJ.