■ In the Matter of Town of Geneva, by and on Behalf of Town Board, Town of Geneva, and on Behalf of Town of Geneva Sewer District No. 1, Appellant, v City of Geneva et al., Respondents. [880 NYS2d 819]—

Appeal from a judgment (denominated order) of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered August 8, 2008 in a CPLR article 78 proceeding and plenary action. The judgment, inter alia, dismissed the petition/complaint.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition/complaint is reinstated, and respondents/defendants are granted 20 days from service of the order of this Court with notice of entry to serve and file an answer.

Memorandum: Although respondents/defendants (respondents) moved to dismiss this hybrid CPLR article 78 proceeding and plenary action against them under various paragraphs of CPLR 3211 (a) and under CPLR 7804 (f), Supreme Court in its decision nevertheless addressed the burdens of petitioner/plaintiff (petitioner) and granted respondents' motion to dismiss based on the evidence submitted by respondents in support of their motion. We agree with petitioner that the court erred in converting respondents' motion to dismiss to one for summary judgment. The court did not provide "adequate notice to the parties" that it was doing so (CPLR 3211 [c]), nor did respondents and petitioner otherwise receive " 'adequate notice' by expressly seeking summary judgment or submitting facts and arguments clearly indicating that they were 'deliberately charting a summary judgment course' " (*Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]; *see Carcone v D'Angelo Ins. Agency*, 302 AD2d 963 [2003]; *Pitts v City of Buffalo*, 298 AD2d 1003, 1004-1005 [2002]). Present—Smith, J.P., Centra, Fahey, Carni and Gorski, JJ.