Kelly D. v Niagara Frontier Tr. Auth. (2019 NY Slip Op 08021)





Kelly D. v Niagara Frontier Tr. Auth.


2019 NY Slip Op 08021


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


806 CA 19-00475

[*1]KELLY D., AS PARENT AND NATURAL GUARDIAN OF S.H., PLAINTIFF-APPELLANT-RESPONDENT,
v
NIAGARA FRONTIER TRANSIT AUTHORITY AND NFTA POLICE DEPARTMENT, AND THEIR AGENTS, SERVANTS, AND EMPLOYEES, DEFENDANTS-RESPONDENTS-APPELLANTS. 






NELSON S. TORRE, BUFFALO, FOR PLAINTIFF-APPELLANT-RESPONDENT. 
DAVID J. STATE, GENERAL COUNSEL, BUFFALO, GOLDBERG SEGALLA LLP (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered August 31, 2018. The order, among other things, dismissed all of plaintiff's causes of action except for plaintiff's cause of action for assault and battery and granted that part of defendants' motion seeking a protective order. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motion seeking a protective order with respect to defendants' surveillance video and seeking to dismiss the causes of action for unlawful imprisonment, false arrest and malicious prosecution and reinstating those causes of action, and ordering defendants to redact and resubmit all medical records in accordance with 22 NYCRR 202.5 (e) (ii) and (iii), and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for personal injuries allegedly sustained by her infant daughter when the daughter was arrested by officers from defendant NFTA Police Department following a physical altercation between the daughter and another high school student at a rail station. In her complaint, plaintiff asserted causes of action for assault and battery, false arrest and unlawful imprisonment, and malicious prosecution. Before discovery was completed, defendants moved, inter alia, to dismiss the complaint, for a protective order directing that any surveillance video provided to plaintiff by defendants be reviewed in court by plaintiff's counsel and not be disseminated to others, and for a conditional order of preclusion regarding a cell phone video of the incident. Plaintiff cross-moved for, inter alia, an order compelling disclosure of any video defendants had of the incident and sealing the daughter's medical records, which had been publicly filed by defendants in an exhibit to their motion.
In its bench decision, Supreme Court converted that part of defendants' motion seeking dismissal of the complaint to a motion for summary judgment and granted the motion with respect to the malicious prosecution, false arrest and unlawful imprisonment causes of action. The court also directed defendants to comply with the court rules regarding redacting "identifying information" in the daughter's medical records. In its order, the court did not mention the conversion of the motion or redaction of the daughter's identifying information. Instead, the order, inter alia, effectively granted those parts of defendants' motion seeking dismissal of the malicious prosecution, false arrest and unlawful imprisonment causes of action, a conditional order of preclusion with respect to the cell phone video, and a protective order with respect to defendants' surveillance video and denied that part of the motion seeking dismissal of the assault and battery cause of action. Although the order did not address that part of the cross motion seeking to seal the daughter's medical records, that part of the cross motion is deemed [*2]denied (see Abasciano v Dandrea, 83 AD3d 1542, 1543 [4th Dept 2011]). Plaintiff appeals, and defendants cross-appeal.
Plaintiff contends on her appeal that the court erred in concluding that the cell phone video could be authenticated at trial only by the videographer (cf. Zegarelli v Hughes, 3 NY3d 64, 69 [2004]) and that the court therefore erred in granting that part of defendants' motion seeking a conditional order precluding that evidence. Inasmuch as plaintiff conceded during oral argument on appeal that the court did not preclude any evidence, we do not address that contention.
With respect to plaintiff's further contentions on appeal, we initially note that, although the court in its bench decision converted that part of defendants' motion seeking to dismiss the complaint to one seeking summary judgment, the order dismissed certain causes of action without referencing that conversion. Where, as here, "the [order] omits a determination made by the court in its decision, the decision controls" (Waul v State of New York, 27 AD3d 1114, 1115 [4th Dept 2006], lv denied 7 NY3d 705 [2006]; see Carcone v D'Angelo Ins. Agency, 302 AD2d 963, 963 [4th Dept 2003]).
We agree with plaintiff that the court erred in converting that part of the motion seeking to dismiss the complaint to a summary judgment motion. Here, the court first raised the possibility of converting the motion in its bench decision. It therefore did not provide "adequate notice to the parties" of the conversion (CPLR 3211 [c]), and there is no indication that the parties were "expressly seeking summary judgment or submitting facts and arguments clearly indicating that they were deliberately charting a summary judgment course' " (Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]; see Matter of Town of Geneva v City of Geneva, 63 AD3d 1544, 1544 [4th Dept 2009]). Indeed, in her response to defendants' motion, plaintiff noted that discovery was incomplete and cross-moved to compel certain discovery. Thus, "[n]o more than this need have been done by [plaintiff] to dispel any thought that [she was] laying bare [her] proof" (Four Seasons Hotels v Vinnik, 127 AD2d 310, 321 [1st Dept 1987]).
Nevertheless, even assuming, arguendo, that the court properly converted that part of the motion seeking to dismiss the complaint into one seeking summary judgment (see Board of Trustees of Vil. of Sackets Harbor v Sackets Harbor Leasing Co., 2 AD3d 1351, 1352 [4th Dept 2003]), we conclude that the court erred in granting the motion with respect to the false arrest, malicious prosecution and unlawful imprisonment causes of action. The limited evidence submitted by defendants was insufficient to establish as a matter of law that the officers who arrested plaintiff's daughter had probable cause to arrest her, and inasmuch as that was the sole basis for their motion with respect to the false arrest and malicious prosecution cause of action, defendants failed to demonstrate their entitlement to summary judgment dismissing it (see Wilner v Village of Roslyn, 99 AD3d 702, 704 [2d Dept 2012]; Burgio v Ince, 79 AD3d 1733, 1734-1735 [4th Dept 2010]). Contrary to defendants' contention, the deemed admissions of plaintiff were insufficient to establish probable cause (see generally Burgio, 79 AD3d at 1735). Defendants also failed to meet their initial burden on the remaining causes of action (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Thus, we reject defendants' contention on their cross appeal that they were entitled to summary judgment dismissing the assault and battery cause of action. We therefore modify the order by denying that part of the motion seeking to dismiss the false arrest, malicious prosecution and unlawful imprisonment causes of action and we reinstate those causes of action.
Additionally, we agree with plaintiff on her appeal that the court erred in granting that part of defendants' motion seeking a protective order imposing certain confidentiality requirements limiting further dissemination of defendants' video evidence. We therefore further modify the order accordingly. Although such an order may be entered "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103 [a]), defendants' sole justification for requesting a protective order was that further dissemination should be limited pursuant to Public Officers Law § 87 (2) (f) and (i), which allows an agency to deny access to records that "if disclosed could endanger the life or safety of any person" or "would jeopardize the capacity of an agency . . . to guarantee the security of its information technology assets." Such a request must be supported by evidence establishing a " particularized and specific justification for denying access' " (Matter of Dilworth v Westchester County Dept. of Correction, 93 AD3d 722, 724 [2d Dept 2012], lv denied 19 NY3d [*3]810 [2012], quoting Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566 [1986]), and defendants introduced no such evidence here.
Contrary to plaintiff's further contention, we conclude that the court did not abuse its discretion in denying that part of her cross motion seeking to seal those portions of the record containing her daughter's medical records (see generally Danco Labs. v Chemical Works of Gedeon Richter, 274 AD2d 1, 7-8 [1st Dept 2000]). Plaintiff failed to demonstrate "that good cause' exists to seal the record[s]" (Ava v NYP Holdings, Inc., 64 AD3d 407, 416 [1st Dept 2009], lv denied 14 NY3d 702 [2010]; see 22 NYCRR 216.1 [a]; cf. Matter of Twentieth Century Fox Film Corp., 190 AD2d 483, 487-488 [1st Dept 1993]; see generally Fordham-Coleman v National Fuel Gas Distrib. Corp., 42 AD3d 106, 115 [4th Dept 2007]). We agree with plaintiff, however, that defendants violated the court rules concerning the daughter's name and date of birth (see 22 NYCRR 202.5 [e] [1] [ii], [iii]). As noted, the court, in its decision, directed defendants to comply with the court rules regarding redacting "identifying information" in those records but the order fails to reflect that directive. Consequently, we further modify the order accordingly to conform to the decision (see Ramirez Gabriel v Johnston's L.P. Gas Serv., 143 AD3d 1228, 1230 [4th Dept 2016]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court