Fields Enters. Inc. v Bristol Harbour Vil. Assn., Inc. (2021 NY Slip Op 07417)





Fields Enters. Inc. v Bristol Harbour Vil. Assn., Inc.


2021 NY Slip Op 07417


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


1013 CA 20-01190

[*1]FIELDS ENTERPRISES INC., AND BRISTOL HARBOUR MARINA, LLC, PLAINTIFFS-APPELLANTS-RESPONDENTS,
v
BRISTOL HARBOUR VILLAGE ASSOCIATION, INC., DEFENDANT-RESPONDENT-APPELLANT. 






KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), NIXON PEABODY LLP, AND GOLDBERG SEGALLA LLP, BUFFALO, FOR PLAINTIFFS-APPELLANTS-RESPONDENTS.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (R. ANTHONY RUPP, III, OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Ontario County (J. Scott Odorisi, J.), entered August 26, 2020. The order denied in part the motion of plaintiffs for a preliminary injunction and denied the cross motion of defendant for sanctions. 
It is hereby ORDERED that said cross appeal is dismissed and the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs own and operate the Bristol Harbour Marina on Canandaigua Lake. The marina is lakeside at the bottom of a steep cliff and is accessible only by an elevator or staircase, both of which are on real property owned by defendant. Plaintiffs commenced this action seeking, inter alia, a permanent injunction preventing defendant from limiting access to the elevator and staircase. Plaintiffs also moved for a preliminary injunction and temporary restraining order enjoining defendant from, inter alia, limiting such access. Defendant opposed the motion and cross-moved for sanctions. Plaintiffs now appeal and defendant cross-appeals from an order that, inter alia, denied in part plaintiffs' motion and denied defendant's cross motion.
Initially, defendant's notice of cross appeal recites that defendant is cross-appealing only to the extent that the order denied the cross motion. We dismiss the cross appeal inasmuch as defendant in its brief has not raised any contentions concerning the denial of the cross motion (see generally Loveless Family Trust v Koenig, 77 AD3d 1447, 1448 [4th Dept 2010]).
With respect to plaintiffs' appeal, it is well settled that, "[u]pon a motion for a preliminary injunction, the party seeking the injunctive relief must demonstrate by clear and convincing evidence: (1) 'a probability of success on the merits;' (2) 'danger of irreparable injury in the absence of an injunction;' and (3) 'a balance of equities in its favor' " (Cangemi v Yeager, 185 AD3d 1397, 1398 [4th Dept 2020], quoting Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). Plaintiffs contend that Supreme Court abused its discretion to the extent that it denied the motion. We reject that contention inasmuch as plaintiffs failed to demonstrate a danger of irreparable injury in the absence of the injunction (see generally id. at 1400; Eastview Mall, LLC v Grace Holmes, Inc., 182 AD3d 1057, 1058 [4th Dept 2020]). We conclude that plaintiffs failed to show that they would sustain any harm other than economic loss, "which is compensable by money damages" and "does not constitute irreparable harm" (Mangovski v DiMarco, 175 AD3d 947, 949 [4th Dept 2019] [internal quotation marks omitted]). To the extent that plaintiffs alleged that they would suffer a loss of goodwill, we conclude that plaintiffs' allegations are conclusory and are insufficient to establish irreparable harm (see John G. Ullman & Assoc., Inc. v BCK Partners, Inc., 139 AD3d 1358, [*2]1359 [4th Dept 2016], lv dismissed 28 NY3d 943 [2016]). In light of our determination, plaintiffs' remaining contentions are academic.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court