Matter of Hudson v Town of Orchard Park Zoning Bd. of Appeals (2023 NY Slip Op 04084)

Matter of Hudson v Town of Orchard Park Zoning Bd. of Appeals

2023 NY Slip Op 04084

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, AND OGDEN, JJ.

1031 CA 21-01355

[*1]IN THE MATTER OF TIMOTHY MICHAEL HUDSON AND KRISTINA S. HUDSON, PETITIONERS-PLAINTIFFS-APPELLANTS,
v
TOWN OF ORCHARD PARK ZONING BOARD OF APPEALS, TOWN OF ORCHARD PARK, NICHOLAS ROSSI AND CHERYL ROSSI, RESPONDENTS-DEFENDANTS-RESPONDENTS. 

HARDY MARBLE LLP, LOCKPORT (BRADLEY D. MARBLE OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.
BARCLAY DAMON LLP, BUFFALO (COREY A. AUERBACH OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS TOWN OF ORCHARD PARK ZONING BOARD OF APPEALS AND TOWN OF ORCHARD PARK. 
THE LAW OFFICES OF NICHOLAS L. ROSSI, ORCHARD PARK (NICHOLAS L. ROSSI OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS NICHOLAS ROSSI AND CHERYL ROSSI. 

 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered September 21, 2021, in a proceeding pursuant to CPLR article 78 and action for injunctive relief and monetary damages. The judgment granted the motions of respondents-defendants to dismiss and dismissed the petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying in part the motion of respondents-defendants Nicholas Rossi and Cheryl Rossi and reinstating the fourth, fifth, sixth, and seventh causes of action and as modified the judgment is affirmed without costs.
Memorandum: Petitioners-plaintiffs Timothy Michael Hudson and Kristina S. Hudson, who own residential real property adjacent to residential real property owned by respondents-defendants Nicholas Rossi and Cheryl Rossi, commenced this hybrid CPLR article 78 proceeding and action alleging, among other things, that the Rossis constructed a new driveway that encroached upon their property and violated the setback ordinance of respondent-defendant Town of Orchard Park (Town), and that respondent-defendant Town of Orchard Park Zoning Board of Appeals (ZBA) improperly granted the Rossis' application for an area variance allowing the driveway to remain up to the property line. In their petition-complaint, the Hudsons alleged in the first cause of action that the ZBA violated Town Law § 267-b (3) in granting the area variance, and thus that the determination should be annulled as made in violation of lawful procedure and affected by an error of law. The Hudsons alleged in the second cause of action that the ZBA's determination was arbitrary and capricious and was not supported by substantial evidence. In the third cause of action, the Hudsons sought relief in the nature of mandamus to compel the Town's code enforcement officer to, inter alia, enforce the setback ordinance against the Rossis. The Hudsons alleged in the fourth cause of action that, inter alia, they were entitled to an injunction pursuant to RPAPL 871 directing the Rossis to remove that part of the driveway that allegedly encroached on the Hudsons' property. The Hudsons further alleged in the fifth, sixth, and seventh causes of action that they were entitled to monetary damages from the Rossis for, respectively, trespass, private nuisance, and negligence.
The Rossis moved to dismiss the petition-complaint for failure to state a cause of action [*2]pursuant to CPLR 3211 (a) (7) and, in effect, based on documentary evidence pursuant to CPLR 3211 (a) (1). The Town and the ZBA moved to dismiss the petition-complaint against them, as relevant on appeal, pursuant to CPLR 3211 (a) (1) and (7) and CPLR 7804 (f). Supreme Court, without explanation, granted the motions and dismissed the petition-complaint. The Hudsons now appeal.
Preliminarily, the Hudsons contend that consideration of the pre-answer motions with respect to the first, second, and third causes of action seeking relief pursuant to CPLR article 78 is limited to determining whether, upon accepting the allegations as true and according the Hudsons every favorable inference, the petition-complaint contains cognizable legal theories. We reject that contention under the circumstances of this case.
A CPLR article 78 proceeding is a special proceeding (see CPLR 7804 [a]) and, as such, "may be summarily determined 'upon the pleadings, papers, and admissions to the extent that no triable issues of fact are raised' " (Matter of Battaglia v Schuler, 60 AD2d 759, 759 [4th Dept 1977], quoting CPLR 409 [b]; see Matter of Buckley v Zoning Bd. of Appeals of City of Geneva, 189 AD3d 2080, 2081 [4th Dept 2020]; Matter of Barreca v DeSantis, 226 AD2d 1085, 1086 [4th Dept 1996]). Consequently, even if a respondent in a CPLR article 78 proceeding "d[oes] not file an answer, where . . . 'it is clear that no dispute as to the facts exists and no prejudice will result,' [a] court can, upon a . . . motion to dismiss, decide the petition on the merits" (Matter of Arash Real Estate & Mgt. Co. v New York City Dept. of Consumer Affairs, 148 AD3d 1137, 1138 [2d Dept 2017], quoting Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102 [1984]; see Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk, 216 AD3d 939, 942 [2d Dept 2023]; Matter of 7-Eleven, Inc. v Town of Hempstead, 205 AD3d 909, 910 [2d Dept 2022]).
Here, given the numerous evidentiary submissions by the parties related to the ZBA's determination, we conclude that "the facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result" from a summary determination in the CPLR article 78 proceeding (Nassau BOCES Cent. Council of Teachers, 63 NY2d at 102; see 22-50 Jackson Ave. Assoc., L.P., 216 AD3d at 942; Fiore v Town of Whitestown, 125 AD3d 1527, 1528 [4th Dept 2015], lv denied 25 NY3d 910 [2015]; cf. Matter of Bihary v Zoning Bd. of Appeals of City of Buffalo, 206 AD3d 1575, 1576 [4th Dept 2022]; Matter of Mintz v City of Rochester, 200 AD3d 1650, 1653 [4th Dept 2021]; Matter of Town of Geneva v City of Geneva, 63 AD3d 1544, 1544 [4th Dept 2009]).
On the merits, the Hudsons contend that the court erred in dismissing the first and second causes of action because the ZBA's determination to grant the Rossis an area variance was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious, and was not supported by substantial evidence. We reject that contention.
"[Z]oning boards have broad discretion in considering applications for area variances and the judicial function in reviewing such decisions is a limited one" (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]; see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]). "Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (Pecoraro, 2 NY3d at 613). "Thus, a determination of a zoning board should be sustained upon judicial review if it has a rational basis and is supported by substantial evidence" (Ifrah, 98 NY2d at 308; see Pecoraro, 2 NY3d at 613; Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2 [1995]).
Here, upon our review of the record, including the minutes of the ZBA's public hearing, we conclude that the ZBA made its determination after reasonably considering each of the statutory factors and weighing the benefit to the Rossis against the detriment to the health, safety, and welfare of the neighborhood or community if the variance was granted (see Town Law § 267-b [3] [b]; Pecoraro, 2 NY3d at 614; Matter of Conway v Town of Irondequoit Zoning Bd. of Appeals, 38 AD3d 1279, 1279-1280 [4th Dept 2007]; Matter of Wilcove v Town of Pittsford Zoning Bd. of Appeals, 306 AD2d 898, 899 [4th Dept 2003]). Contrary to the Hudsons' various assertions, the ZBA's determination is not illegal or arbitrary and capricious, and it is supported by substantial evidence (see Pecoraro, 2 NY3d at 614; Conway, 38 AD3d at 1280; Wilcove, 306 AD2d at 899). We also reject the Hudsons' contention that the ZBA did not grant the minimum [*3]variance necessary to meet the Rossis' needs while at the same time preserving and protecting the character of the neighborhood and the health, safety, and welfare of the community (see Town Law § 267-b [3] [c]; Conway, 38 AD3d at 1280).
Next, by failing to address in their brief the court's dismissal of the third cause of action, seeking relief in the nature of mandamus to compel the Town's code enforcement officer to, inter alia, enforce the setback ordinance against the Rossis, the Hudsons have abandoned any contention with respect to the dismissal of that cause of action (see Matter of Up State Tower Co., LLC v Village of Lakewood, 175 AD3d 972, 973 [4th Dept 2019]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). In any event, it is well established that "the decision to enforce [zoning] codes rests in the discretion of the public officials charged with enforcement . . . and is [thus] not a proper subject for relief in the nature of mandamus" (Matter of Young v Town of Huntington, 121 AD2d 641, 642 [2d Dept 1986]; see Matter of Cooney v Town of Wilmington Zoning Bd. of Appeals, 140 AD3d 1350, 1351 [3d Dept 2016]; Manuli v Hildenbrandt, 144 AD2d 789, 790 [3d Dept 1988]).
We agree with the Hudsons, however, that the court erred in granting the Rossis' motion with respect to the fourth, fifth, sixth, and seventh causes of action, and we therefore modify the judgment accordingly. " 'In a hybrid proceeding and action, separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those which seek to recover damages and declaratory relief, on the other hand' " (Matter of Greenberg v Assessor of Town of Scarsdale, 121 AD3d 986, 989 [2d Dept 2014]; see Parker v Town of Alexandria, 138 AD3d 1467, 1468 [4th Dept 2016]). A court " 'may not employ the summary procedure applicable to a CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment' " (Greenberg, 121 AD3d at 989; see Parker, 138 AD3d at 1468). Here, contrary to the assertions underlying the Rossis' motion to dismiss, we conclude that the petition-complaint adequately states causes of action based on RPAPL 871, trespass, private nuisance, and negligence (see generally CPLR 3211 [a] [7]), and that the documentary evidence submitted in support of the Rossis' motion fails to "utterly refute[ the Hudsons'] factual allegations" and thus does not "conclusively establish[ ] a defense as a matter of law" with respect to those causes of action (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Moreover, even assuming, arguendo, that the court converted that part of the Rossis' motion to dismiss the RPAPL 871, trespass, private nuisance, and negligence causes of action into one seeking summary judgment (see CPLR 3211 [c]; Board of Trustees of Vil. of Sackets Harbor v Sackets Harbor Leasing Co., 2 AD3d 1351, 1352 [4th Dept 2003]), we conclude that the Rossis failed to establish their entitlement to judgment as a matter of law with respect to those causes of action and thus that the court erred in granting the motion to that extent (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Sackets Harbor Leasing Co., 2 AD3d at 1352).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court