Matter of Warren v Planning Bd. of the Town of W. Seneca (2024 NY Slip Op 01622)

Matter of Warren v Planning Bd. of the Town of W. Seneca

2024 NY Slip Op 01622

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

16 CA 22-01929

[*1]IN THE MATTER OF DANIEL T. WARREN, PETITIONER-PLAINTIFF-APPELLANT,
v
PLANNING BOARD OF THE TOWN OF WEST SENECA, TOWN OF WEST SENECA, AND CANISIUS HIGH SCHOOL OF BUFFALO, NEW YORK, BY AND THROUGH FR. DAVID CIANCIMINO, S.J., AS ITS PRESIDENT, RESPONDENTS-DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 

DANIEL T. WARREN, PETITIONER-PLAINTIFF-APPELLANT PRO SE. 
GRECO TRAPP, PLLC, BUFFALO (CHRIS G. TRAPP OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS PLANNING BOARD OF THE TOWN OF WEST SENECA, AND TOWN OF WEST SENECA. 
COSGROVE LAW FIRM, BUFFALO (EDWARD C. COSGROVE OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT CANISIUS HIGH SCHOOL OF BUFFALO, NEW YORK, BY AND THROUGH FR. DAVID CIANCIMINO, S.J., AS ITS PRESIDENT. 

 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered December 8, 2022, in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment, inter alia, granted the cross-motion of respondent-defendant Planning Board of the Town of West Seneca to dismiss the proceeding-action. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-plaintiff (petitioner) commenced this hybrid CPLR article 78 proceeding and action seeking, inter alia, to annul certain determinations of respondent-defendant Planning Board of the Town of West Seneca (Planning Board) concerning respondent-defendant Canisius High School's development of student athletic facilities. In appeal No. 1, petitioner appeals from a judgment that, inter alia, granted the Planning Board's cross-motion to dismiss the proceeding-action and dismissed the proceeding-action in its entirety. In appeal No. 2, petitioner appeals from an order that denied in part his motion to settle the record on appeal in appeal No. 1.
Preliminarily, petitioner contends in appeal No. 2 that Supreme Court improperly excluded necessary and relevant documents from the record on appeal in appeal No. 1. We reject that contention. Where, as here, an appellant fails to establish a "manifest error or a clear abuse of discretion by the trial court so that the record as settled is inaccurate or untrue, an appellate court should not supersede the trial court's order" settling the record (Matter of Wilhelm, 63 AD2d 1120, 1121 [4th Dept 1978]; see Matter of Nataylia C.B. [Christopher B.], 150 AD3d 1657, 1658 [4th Dept 2017], lv denied 29 NY3d 919 [2017]).
With respect to appeal No. 1, we note at the outset that this is properly only a CPLR article 78 proceeding inasmuch as the relief sought by petitioner is available under CPLR article 78 without the necessity of a declaration (see generally CPLR 7801).
[*2] Petitioner contends that the court erred in denying his motion for a preliminary injunction. We reject that contention. It is well settled that, "[u]pon a motion for a preliminary injunction, the party seeking the injunctive relief must demonstrate by clear and convincing evidence: (1) 'a probability of success on the merits;' (2) '[a] danger of irreparable injury in the absence of an injunction;' and (3) 'a balance of equities in its favor' " (Cangemi v Yeager, 185 AD3d 1397, 1398 [4th Dept 2020], quoting Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). Here, petitioner's conclusory and speculative allegations of injury to his property or the community in general fail to demonstrate any actual appreciable danger of irreparable injury in the absence of the injunction (see Fields Enters. Inc. v Bristol Harbour Vil. Assn., Inc., 200 AD3d 1710, 1711 [4th Dept 2021]; A.N. Deringer, Inc. v Troia, 178 AD2d 1023, 1023-1024 [4th Dept 1991]).
We also reject petitioner's contention that the Planning Board failed to comply with the requirements of the State Environmental Quality Review Act (SEQRA). A lead agency's SEQRA determination is "entitled to great deference" (Matter of Brockport Student Govt. v State Univ. of N.Y. at Brockport, 136 AD3d 1418, 1420 [4th Dept 2016] [internal quotation marks omitted]), and judicial review thereof is " 'limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination was affected by an error of law or was arbitrary and capricious or an abuse of discretion' " (Matter of Huntley Power, LLC v Town of Tonawanda [proceeding No. 2], 217 AD3d 1325, 1327-1328 [4th Dept 2023], quoting Akpan v Koch, 75 NY2d 561, 570 [1990]). As explained by the Court of Appeals, "review of a lead agency's negative declaration is restricted to whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of New York City Coalition to End Lead Poisoning v Vallone, 100 NY2d 337, 348 [2003] [internal quotation marks omitted]).
With respect to the merits, a CPLR article 78 proceeding is a special proceeding (see CPLR 7804 [a]) and, as such, "may be summarily determined 'upon the pleadings, papers, and admissions to the extent that no triable issues of fact are raised' " (Matter of Battaglia v Schuler, 60 AD2d 759, 759 [4th Dept 1977], quoting CPLR 409 [b]; see Matter of Hudson v Town of Orchard Park Zoning Bd. of Appeals, 218 AD3d 1380, 1382 [4th Dept 2023]). "Consequently, even if a respondent in a CPLR article 78 proceeding d[oes] not file an answer, where[, as here,] it is clear that no dispute as to the facts exists and no prejudice will result, [a] court can, upon a . . . motion to dismiss, decide the petition on the merits" (Matter of Guttman v Covert Town Bd., 222 AD3d 1357, 1358-1359 [4th Dept 2023] [internal quotation marks omitted]; see Hudson, 218 AD3d at 1382). Here, a review of, inter alia, the petition and exhibits submitted by petitioner establishes that the Planning Board "complied with SEQRA, i.e., it identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Grasso v Town of W. Seneca, 63 AD3d 1629, 1630 [4th Dept 2009] [internal quotation marks omitted]; see generally Matter of Evans v City of Saratoga Springs, 202 AD3d 1318, 1320 [3d Dept 2022]).
We further reject petitioner's contention that the Planning Board acted in violation of General Construction Law § 41 inasmuch as petitioner fails to identify any final vote, resolution, determination or other official action that was taken by the Planning Board as a public body without a quorum (see Matter of Save the Pine Bush, Inc. v Town of Guilderland, 205 AD3d 1120, 1126-1127 [3d Dept 2022]; Mobil Oil Corp. v City of Syracuse Indus. Dev. Agency, 224 AD2d 15, 30 [4th Dept 1996], appeal dismissed 89 NY2d 860 [1996], lv denied 89 NY2d 811 [1997]).
Petitioner also contends that the judicial standard of review in a CPLR article 78 proceeding seeking to annul a SEQRA determination was substantively modified by the January 1, 2022 amendment to the State Constitution establishing that "[e]ach person shall have a right to clean air and water, and a healthful environment" (NY Const, art I, § 19). That contention, however, is raised for the first time on appeal and, thus, is not properly before us (see Matter of Riedman Acquisitions, LLC v Town Bd. of Town of Mendon, 194 AD3d 1444, 1449-1450 [4th Dept 2021]).
We reject petitioner's contention that the subject parcel must be rezoned, or that a use variance must be obtained, before the site plan can be approved inasmuch as we concluded in a prior appeal that the construction of athletic facilities on the property at issue is a "permissible [*3]educational use under the Town Code within the subject zoning district" (Grasso, 63 AD3d at 1630).
While we agree with petitioner that the Planning Board violated the Open Meetings Law when it failed to place the SEQRA negative declaration and parts 2 and 3 of the full environmental assessment form "on [its] website to the extent practicable at least [24] hours prior to the [public meeting adopting the negative declaration]" (Public Officers Law § 103 [e]), we conclude that petitioner has nonetheless failed to meet his "burden to show good cause warranting judicial relief" (Mobil Oil Corp., 224 AD2d at 30; see Sindoni v Board of Educ. of Skaneateles Cent. Sch. Dist., 202 AD3d 1457, 1459 [4th Dept 2022]).
We have reviewed petitioner's remaining contentions and conclude that they are without merit.
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court